CARLTON, J.,
 

 for the Court.
 

 ¶ 1. Faye Jordan filed suit in the Circuit Court of Monroe County against Ann Wilson seeking to recover damages for assault and negligence arising out of an incident where Wilson allegedly pointed a firearm at Jordan. Wilson filed a motion to dismiss, for judgment on the pleadings, and for summary judgment. The trial court granted Wilson’s motion and dismissed Jordan’s case with prejudice, finding that (1) Jordan’s complaint alleged a nonexistent cause of action for “negligent assault,” and (2) there was no evidence of intent on Wilson’s part to support the intentional tort of assault.
 

 ¶2. Jordan appeals and makes several arguments, which will be addressed under the general issue of whether the trial court erred in granting Wilson’s motion to dismiss, for judgment on the pleadings, and for summary judgment. For the reasons explained below, we find error and reverse the judgment entered by the trial court and remand this case.
 

 FACTS
 

 ¶ 3. Jordan was employed with North Mississippi Medical Center (NMMC) as a home-health nurse. On May 13,1999, Jordan set out to provide medical care to Terry Conwill, who is a relative of Wilson.
 
 [1]
 
 Jordan arrived at Conwill’s house, knocked
 
 *444
 
 on the door, received no response, and concluded that Conwill was not there. A notation in her files stated: “If [Conwill] not home, will be two houses up on left at Ann Wilson’s house — [phone number].” Jordan then drove her car to Wilson’s house, which appeared empty. She remained in her car and attempted to contact NMMC’s office in order to locate Con-will. In the meantime, Wilson, who was located nearby at her guest house and had noticed Jordan park in her driveway, got in her car and set out to investigate.
 

 ¶4. Wilson pulled up to the passenger side of Jordan’s car and a verbal exchange ensued. According to Jordan, Wilson pulled beside her with a .22 rifle, which remained pointed directly at Jordan throughout most of the encounter.
 
 [2]
 
 The direction in which the gun was pointed is disputed by the parties: At her deposition, Jordan stated that “the gun was pointed into [her] vehicle and at [her] because [she] saw the end of it”; Wilson stated at her deposition that the gun was not pointed directly at Jordan, but it was resting across her lap and pointed into the air above Jordan. Wilson eventually pulled the gun inside her vehicle, and Jordan asked Wilson if she had just pointed a gun at her. When questioned as to why she asked this question if she already knew that a gun was pointed at her, Jordan answered as follows:
 

 I wanted, I guess, a little humanity there, Mr. [Defense Counsel]. I looked from the end of that gun to [Wilson’s] cold blue-eyed stare ... and back to that gun and back to her and back to that gun and when she finally pulled it. in and over that steering wheel, I said, did you have a gun pointed at me? That’s the tone of voice I used.
 

 According to Jordan’s affidavit, “[Wilson] then stared at [her] for a while and said ‘you have no business sitting in my driveway.’ ” Jordan then drove away.
 

 ¶ 5. As a result of the incident, Jordan developed a fear of being shot that caused difficulties in performing the home-health visits incident to her employment. In early 2000, Jordan went to the home of an elderly man who was in a wheelchair and covered with an afghan. He kept his right arm under the afghan, and Jordan feared that he had a gun under the afghan. This was the last home-health visit that Jordan made; she gave up her nursing job due to her fear of being shot. Jordan was treated for stress and anxiety.
 

 ¶ 6. Jordan subsequently filed a complaint against Wilson that stated in pertinent part as follows:
 

 This is an action to recover actual and punitive damages for assault and negligence. The following facts support this cause:
 

 [[Image here]]
 

 On or about May, 13, 1999, Plaintiff parked her vehicle, temporarily, in the Defendant’s driveway, while attempting to locate a patient whom she was scheduled to see. The Defendant, apparently negligently believing Plaintiff was an unlawful intruder, pointed a long firearm directly toward Plaintiff. Defendant kept her firearm pointed at Plaintiff for several minutes. Plaintiff feared for her life. Plaintiff was so frightened that she was required to seek medical attention, and has had to undergo counseling. She has suffered extreme stress and anxiety, and has lost income, as a result of the Defendant’s actions.
 

 [[Image here]]
 

 
 *445
 
 The Defendant’s pointing of a firearm at Plaintiff was negligent conduct, since the defendant failed to use reasonable care to determine whether such an action was necessary. Pointing the firearm at Plaintiff constituted an assault. ...
 

 ¶ 7. After years of discovery, Wilson filed a motion to dismiss, for judgment on the pleadings, and for summary judgment. In this motion, Wilson argued that (1) Jordan alleged a nonexistent cause of action for “negligent assault,” and (2) even if the intentional tort of assault was properly pleaded, Jordan failed to present proof of intent on Wilson’s part. Wilson attached a copy of her affidavit and excerpts from Jordan’s deposition. Jordan filed a response to Wilson’s motion and attached a copy of her affidavit and excerpts from both her deposition and Wilson’s deposition.
 

 ¶ 8. After a hearing on the matter, the trial court granted Wilson’s motion and dismissed Jordan’s case with prejudice, finding that (1) Jordan’s complaint alleged a nonexistent cause of action for “negligent assault” because she failed to specifically allege that Wilson’s actions were willful or intentional, and (2) Wilson was entitled to summary judgment because there was no evidence of intent on Wilson’s part to cause an assault, i.e., the apprehension of a harmful or offensive contact.
 

 ¶ 9. Aggrieved, Jordan now appeals to this Court.
 

 STANDARD OF REVIEW
 

 ¶ 10. As a preliminary matter, we consider an issue not addressed by the parties regarding the appropriate standard of review to be employed by this Court on appeal. In both Wilson’s motion and Jordan’s response, matters outside the pleadings were presented to the trial court. A motion under Mississippi Rule of Civil Procedure 12(b) or 12(c) will be treated as a motion for summary judgment under Rule 56 where matters outside the pleadings are presented and not excluded by the trial court. M.R.C.P. 12(b) and (c);
 
 Huff-Cook, Inc. v. Dale,
 
 913 So.2d 988, 990-91(¶ 11) (Miss.2005);
 
 Westbrook v. City of Jackson,
 
 665 So.2d 833, 836 (Miss.1995) (citing
 
 Storey v. United States,
 
 629 F.Supp. 1174, 1180 (N.D.Miss.1986)). Similarly, a motion for summary judgment under Rule 56 will be treated as a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c) where the court acts on the motion without considering matters outside the pleadings.
 
 Millican v. Turner,
 
 503 So.2d 289, 292 (Miss. 1987) (citing
 
 Kountouris v. Varvaris,
 
 476 So.2d 599, 603 n. 3 (Miss.1985)).
 

 ¶ 11. In the instant case, the trial judge essentially treated Wilson’s motion as both a motion under Rule 12(b) and/or Rule 12(c) and a summary judgment motion under Rule 56. The trial judge first determined that Jordan pleaded a nonexistent cause of action for “negligent assault” and dismissed Jordan’s complaint under Rule 12(b)(6) or 12(c). In making this ruling, the trial judge apparently considered only the face of the pleadings; therefore, it seems that the motion should be reviewed as a Rule 12(b)(6) and/or a Rule 12(c) motion. However, the trial judge went on to rule — apparently in the alternative— that, even if Jordan had properly pleaded the intentional tort of assault, Wilson was entitled to summary judgment because there was no evidence of intent on Wilson’s part. In making this ruling, the trial judge apparently considered matters outside the pleadings; therefore, it seems that the motion should be reviewed as a Rule 56 motion for summary judgment.
 

 ¶ 12. Because the trial judge’s primary basis for dismissing Jordan’s case was based on Rule 12(b)(6) and/or Rule 12(c),
 
 *446
 
 we will review the motion as one under Rule 12(b)(6) and/or Rule 12(c). To be thorough, we will also review the trial judge’s alternative ruling, which was based on Rule 56, under the standard of review for a summary judgment motion under Rule 56. In so doing, we do not intend to encourage the method employed by the trial judge in the instant case, as the resulting unnecessary complication in procedural posture should be apparent.
 

 ¶ 13. Motions under “[b]oth Rule 12(b)(6) and Rule 12(c) are decided on the face of the pleadings alone.”
 
 Hartford Cas. Ins. Co. v. Halliburton Co.,
 
 826 So.2d 1206, 1211(¶ 15) (Miss.2001). Both motions serve a similar function and both are reviewed de novo.
 
 Id.
 
 at 1210(¶ 8) (citing
 
 City of Tupelo v. Martin,
 
 747 So.2d 822, 829(¶ 26) (Miss.1999));
 
 see also,
 
 Jeffrey Jackson, Mississippi Civil Procedure, § 5:35 (1999) (“Like the motion to dismiss for failure to state a claim, a motion to dismiss for judgment on the pleadings tests whether, given material facts that are not in dispute, there is any legal basis for the suit.”). In ruling on a motion to dismiss under Rule 12(b)(6) or Rule 12(c), “the pleaded allegations of the complaint must be taken as true, and a dismissal should not be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which entitles him to relief.”
 
 Overstreet v. Merlos,
 
 570 So.2d 1196, 1197 (Miss.1990) (Rule 12(b) motion);
 
 see also, R.J. Reynolds Tobacco Co. v. King,
 
 921 So.2d 268, 270(¶ 10) (Miss.2005) (citing
 
 Bridges ex rel. Bridges v. Park Place Entm’t,
 
 860 So.2d 811, 813(¶ 5) (Miss.2003) (Rule 12(c) motion)).
 

 ¶ 14. We review the trial court’s grant of summary judgment de novo.
 
 Moss v. Batesville Casket Co.,
 
 935 So.2d 393, 398(¶ 15) (Miss.2006) (citing
 
 Stuckey v. Provident Bank,
 
 912 So.2d 859, 864(¶ 8) (Miss.2005)). A party is entitled to summary judgment where “the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). The movant bears the burden of demonstrating that there is no genuine issue of material fact, and the non-movant is afforded the benefit of any reasonable doubt.
 
 Moss,
 
 935 So.2d at 398(¶ 16) (citing
 
 Tucker v. Hinds County,
 
 558 So .2d 869, 872 (Miss.1990)).
 

 DISCUSSION
 

 Whether the trial court erred in granting Wilson’s motion to dismiss, for judgment on the pleadings, and for summary judgment.
 

 ¶ 15. Jordan argues that (1) the trial judge erred in granting Wilson’s motion on the ground that Jordan alleged a nonexistent cause of action for “negligent assault,” (2) the trial court erred in its determination that there was insufficient proof of intent on Wilson’s part to support Jordan’s claim of assault, and (3) there exists genuine issues of material fact as to whether Wilson was negligent. In the interests of brevity and organization, we will address Jordan’s third argument with her first argument.
 

 1. Whether the trial court erred in dismissing Jordan’s case on the ground that she alleged a nonexistent cause of action for “negligent assault.”
 

 ¶ 16. Jordan first argues that the trial judge erred in dismissing her case because she alleged a nonexistent cause of action for “negligent assault.” She claims that her complaint did not allege a “negligent assault,” but rather two separate claims, one for negligence and one for the intentional tort of assault. Jordan argues that Mississippi Rule of Civil Procedure 8 pro
 
 *447
 
 vides a very liberal pleading standard under which she sufficiently stated a claim for relief for both negligence and assault. We agree.
 

 ¶ 17. “When a complaint is tested via a motion under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the sufficiency of the complaint is in substantial part determined by reference to Rule 8(a) and (e).”
 
 Stanton & Assocs., Inc. v. Bryant Constr. Co.,
 
 464 So.2d 499, 505 (Miss.1985). Rule 8(a) requires only that a complaint contain “a short and plain statement of the claim showing that the pleader is entitled to relief ... and ... a demand for judgment for the relief to which he deems himself entitled.” M.R.C.P. 8(a)(1) and (2). Similarly, Rule 8(e) instructs that “[e]aeh averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.” M.R.C.P. 8(e)(1). Significantly, Rule 8 allows a plaintiff to advance alternative and/or inconsistent claims.
 
 See
 
 M.R.C.P. 8(a)(2), 8(e)(2). The Fifth Circuit Court of Appeals has stated as follows regarding the relaxed pleading requirements of Federal Rule of Civil Procedure 8:
 

 The function of a complaint under the Federal Rules is to give the defendant fair notice of plaintiffs claim and the grounds upon which plaintiff relies. Thus, the fact that a plaintiff pleads an improper legal theory does not preclude recovery under the proper theory. When presented with a Rule 12(b)(6) motion to dismiss, the district court must examine the complaint to determine if the allegations provide for relief on any possible theory.
 

 Doss v. S. Cent. Bell Tel. Co.,
 
 834 F.2d 421, 424 (5th Cir.1987) (internal quotations and citations omitted).
 

 ¶ 18. Wilson claims that the trial court properly dismissed Jordan’s case because she pleaded a nonexistent cause of action for “negligent assault.” She cites
 
 Webb v. Jackson,
 
 583 So.2d 946, 950-51 (Miss.1991) for the proposition that “there is no such thing as a negligent assault.” It is true that there is no cause of action for “negligent assault.” However, this is so not simply because there exists no such cause of action but, rather, because an intentional tort cannot be committed negligently. The holding in
 
 Webb
 
 simply recognizes that a claim alleging an intentional tort and a claim alleging negligence are mutually exclusive, in that, one who is found to have acted negligently cannot at the same time be found to have acted intentionally.
 
 [3]
 
 It does not follow that one may not be found liable for
 
 either
 
 an intentional tort or negligence based on the same conduct, assuming of course that there is sufficient evidence to support a jury finding of liability on either theory. What Wilson fails to recognize is the issue of whether she acted intentionally or negligently is a question for the jury.
 

 ¶ 19. In the first sentence of her complaint, Jordan stated: “This is an action to recover actual and punitive damages for
 
 assault and negligence.”
 
 (Em
 
 *448
 
 phasis added). This statement along with the assertions of fact contained therein were sufficient to provide Wilson with fair notice that Jordan claimed and intended to prove the intentional tort of assault, as well as negligence. We find that, as permitted by Rule 8, Jordan permissibly pleaded a claim of both negligence and assault, notwithstanding that the claims are inconsistent.
 
 See
 
 M.R.C.P. 8(a)(2) and 8(e)(2). To the extent that the trial judge dismissed Jordan’s case for this reason, we find that he erred.
 

 ¶ 20. Questions remain, however, as to whether Jordan stated a claim for assault and negligence, respectively. In dismissing Jordan’s claims, the trial court found the following statements in Jordan’s complaint fatal to her case:
 

 The Defendant,
 
 apparently negligently believing Plaintiff was an unlawful intruder, pointed a long firearm directly toward Plaintiff.
 
 Defendant kept her firearm pointed at Plaintiff for several minutes....
 

 The Defendant’s pointing of a firearm at Plaintiff was negligent conduct, since the defendant failed to use reasonable care to determine whether such an action was necessary.
 
 Pointing the firearm at Plaintiff constituted an assault. ...
 

 (Emphasis added). The trial judge quoted in isolation only the portions of these statements that are italicized above. When viewed in context, it becomes clear that Jordan’s allegations of “negligence” were directed toward Wilson’s belief that Jordan was an unlawful intruder or that pointing the firearm was necessary. As explained below, we find that this assertion of fact fatal to neither Jordan’s claim of assault nor her claim of negligence. In the discussion below, we consider each claim separately.
 

 A. Assault
 

 ¶ 21. The intentional tort of assault is committed “where a person (1) acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such contact, and (2) the other is thereby put in such imminent apprehension.”
 
 Morgan v. Greenwaldt,
 
 786 So.2d 1037, 1043(¶ 20) (Miss.2001) (citing
 
 Webb,
 
 583 So.2d at 951). “An act is done with the intent of putting the other in apprehension of an immediate harmful or offensive contact if it is done for the purpose of causing such an apprehension or with knowledge that, to a substantial certainty, such apprehension will result.” Restatement (Second) of Torts § 21, cmt. d.
 

 ¶ 22. Wilson’s belief(s) regarding whether Jordan was a trespasser or whether pulling a firearm was necessary, whether labeled negligent, (or more appropriately) mistaken, or incorrect, may negate the anticipated assertion (by Wilson) of defense of self or defense of property. However, labeling Wilson’s belief as negligent does not render Jordan’s complaint insufficient to state a claim for assault. Although Jordan did not specifically refer to Wilson’s conduct as “intentional,” such is clearly implied in her complaint where she stated that Wilson “pointed a long firearm directly at [her]” and “[pjointing the firearm at [her] constituted an assault.”' The purpose of Rule 8 is to provide “fair notice” to the defendant of the basis of any claim(s) against him, not to “plead facts or state legal conclusions.” M.R.C.P. 8 cmt.
 
 [4]
 

 
 *449
 
 ¶ 23. In her complaint, Jordan alleged that Wilson pointed a firearm at her and that she feared for her life. This was sufficient to state a claim for the intentional tort of assault. Taking the allegations in Jordan’s complaint as true, we find that Jordan could prove a set of facts in support of her assault claim which would entitle her to relief. Therefore, we find that Jordan’s complaint stated a claim for assault, and the trial judge erred in dismissing Jordan’s claim for assault under Rule 12(b)(6) and/or 12(c).
 

 B. Negligence
 

 ¶ 24. To prevail on a claim of negligence, one must establish that “(1) the defendant had a duty to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) the defendant failed to conform to that required standard; (3) the defendant’s breach of duty was a proximate cause of the plaintiffs injury, and; (4) the plaintiff was injured as a result.”
 
 Delta Reg’l Med. Ctr. v. Venton,
 
 964 So.2d 500, 504(¶ 8) (Miss.2007) (citing
 
 Burnham v. Tabb,
 
 508 So.2d 1072, 1074 (Miss.1987)).
 

 ¶ 25. Taking the facts alleged in Jordan’s complaint as true, we find that they are such that Jordan could prove a set of facts that would entitle her to relief on her claim of negligence. Jordan would be entitled to relief if the jury were to believe that Wilson rested the gun on the windowsill without the intent required to constitute an assault, Wilson’s conduct breached the standard of care, and Jordan’s injuries were foreseeable.
 
 [5]
 
 Under the liberal pleading standard of Rule 8, we find that Jordan sufficiently stated a claim for relief for her claim of negligence, and the trial court erred in dismissing her negligence claim under Rule 12(b)(6) and/or Rule 12(c).
 
 [6]
 

 2. Whether the trial court erred in granting Wilson’s motion because there was insufficient proof of intent on Wilson’s part to support Jordan’s claim of assault.
 

 ¶ 26. Jordan next claims that the trial judge erred in finding that there was no evidence of intent on Wilson’s part. In dismissing Jordan’s case, the trial judge determined that, even if Jordan’s claim for assault was not dismissed under Rule 12(b)(6) or 12(c), “summary judgment [under Rule 56] would be appropriate because there [was] no evidence before the court of any intent on [Wilson’s] part to cause either an assault [sic] or the apprehension of such.”
 
 [7]
 
 Therefore, we review this issue as a motion for summary judgment under Rule 56.
 

 ¶ 27. As stated above, for purposes of assault, “[a]n act is done with the intent of putting the other in apprehension of an immediate harmful or offensive contact if it is done for the purpose of causing such an apprehension or with knowledge
 
 *450
 
 that, to a substantial certainty, such apprehension will result.” Restatement (Second) of Torts § 21, cmt. d. It is well settled that intent is a question of fact for the jury and “is usually shown by acts and declarations of the defendant coupled with facts and circumstances surrounding him at the time.”
 
 Miss. State Bd. of Nursing v. Wilson,
 
 624 So.2d 485, 494 (Miss.1993) (citation omitted). We now examine the evidence regarding Wilson’s intent to determine if there is a genuine issue of material fact to be presented to the jury.
 

 ¶ 28. It is undisputed that Wilson had a gun resting on her windowsill as she pulled beside Jordan. Although the direction in which the gun was pointed is disputed by the parties, we consider the evidence in the light most favorable to Jordan, who claimed that the “the gun was pointed into my vehicle and at me because I saw the end of it.” From this, we find that there was ample evidence to create a genuine issue of material fact as to whether Wilson pointed the firearm at Jordan either intending to put Jordan in imminent apprehension of a battery or with substantial certainty that pointing a gun at Jordan would bring about such a result.
 

 ¶ 29. Accordingly, we find that the trial court erred in its alterative ruling that Wilson was entitled to summary judgment under Rule 56 on Jordan’s claim of assault because there was no evidence before the court of intent on Wilson’s part.
 

 CONCLUSION
 

 ¶30. We find that Jordan’s complaint stated a claim for relief for negligence and assault, and the trial court erred in dismissing her claims under Rule 12(b)(6) or Rule 12(c). Likewise, we find that there are genuine issues of material fact on both of Jordan’s claims, and the trial court erred in dismissing these claims under Rule 56. Accordingly, we find that the trial court erred in granting Wilson’s motion to dismiss, for judgment on the pleadings, and for summary judgment. We reverse the judgment entered by the trial court and remand this case for further proceedings.
 

 ¶ 31. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY IS REVERSED AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR. CHANDLER AND BARNES, JJ., NOT PARTICIPATING.
 

 [1]
 

 . Conwill is referred to in the record both as Wilson’s stepfather's niece and as Wilson’s mother.
 

 [2]
 

 . To this end, Jordan testified at her deposition that she could see "a tiny sliver of metal.”
 

 [3]
 

 . On this point, a leading commentator on the law of torts explains in his hornbook:
 

 Although there is no overlap between intent and negligence, it is sometimes difficult to discern whether a given set of conduct falls in one category or another. The evidence offered in a case may permit the trier to draw different inferences, so that some jurors would conclude that a defendant acted intentionally while others would conclude that he acted only negligently. If the evidence warrants either a finding that the defendant acted with substantial certainty or that he took an unreasonable risk, the jury might be permitted to find either negligence or intent.
 

 Dan B. Dobbs, The Law of Torts, § 24, 49 (2000).
 

 [4]
 

 . The comment to Rule 8 states that:
 

 The purpose of Rule 8 is to give notice, not to state facts and narrow the issues as was the purpose of pleadings in prior Mississippi practice. Consequently, the distinctions between '‘ultimate facts” and "evidence” or
 
 *449
 
 conclusions of law are no longer important since the rules do not prohibit the pleading of facts or legal conclusions as long as fair notice is given to the parties.
 

 [5]
 

 . We additionally note that Jordan could prevail on her claim of negligence because the mental and/or emotional injuries she allegedly suffered were medically cognizable.
 
 See Paz v. Brush Engineered Materials, Inc.,
 
 949 So.2d 1, 3-5 (¶¶ 7-12) (Miss.2007).
 

 [6]
 

 . We note that the trial court made no specific ruling regarding Jordan’s negligence claim.
 

 Thus, it is unclear whether the trial judge dismissed the claim under Rule 12 or Rule 56. In any event, we find that there existed genuine issues of material fact as to each element of Jordan’s negligence cause of action, and Wilson was not entitled to judgment under either Rule 12 or Rule 56.
 

 [7]
 

 .We assume the trial judge meant that he found no evidence of intent to cause a
 
 battery
 
 or the apprehension of such.