62 So.3d 902 (2011)
J.R., a Minor, by and through Next Friend and Father, R.R.
v.
Bobby MALLEY and Janet Malley.
No. 2010-IA-00382-SCT.
Supreme Court of Mississippi.
March 31, 2011.
Rehearing Denied June 9, 2011.
*903 David Randall Wade, Jackson, Robert Lofton Gray, Jr., Flowood, attorneys for appellant.
Christopher A. Tabb, Brandon, attorney for appellees.
EN BANC.
RANDOLPH, Justice, for the Court:
¶ 1. In November 2004, fifty-nine-year-old Bobby Malley ("Malley") filed a "Petition to Enter Plea of Guilty" in the Circuit Court of Rankin County, Mississippi, to two criminal charges of fondling twelve-year-old J.R. on separate occasions. In March 2008, J.R. filed a civil suit against Malley and his wife, Janet Malley, which included a claim against Malley for battery, and other claims. Subsequently, J.R. filed a "Motion for Partial Summary Judgment of Liability Against Defendant, Bobby Malley," contending that the doctrine of collateral estoppel precluded a finding that genuine issues of material fact existed regarding Malley's civil liability for the two criminal charges of fondling to which he "pled guilty and was convicted." Following hearings, the circuit court entered an Order denying J.R.'s motion for partial summary judgment. Thereafter, this Court granted J.R.'s "Petition for Permission for Interlocutory Appeal." On appeal, this Court will consider the following issue raised by J.R., "[w]hether any genuine issues of material fact exist regarding [Malley's] civil liability for crimes committed against J.R."

FACTS
¶ 2. At the age of nine or ten, J.R. met Malley, who lived across the street. Malley was then employed by the State of Mississippi and also worked for the Rankin County Sheriff's Department "as the Reserves and Jail trainer." According to J.R., Malley "was, like, a father figure[,]" and J.R. would frequent the Malleys' home. In February and March 2003, J.R. was twelve years old and Malley was fifty-eight years old. Beginning at this time, J.R. said, Malley started touching him inappropriately. According to J.R., while alone with Malley in the Malleys' living room and front porch, Malley "rubbed my testicles [twenty] times" and "stuck his penis out" on one occasion.
¶ 3. On November 15, 2004, Malley entered a "Petition to Enter Plea of Guilty" in the circuit court "to the charge of Fondling § 97-5-23,[1]" which provided that he *904 "touched J.R. for the purpose of gratifying lust [,] who is under age 16[,] in Rankin County, Miss. two times." (Emphasis added.) On November 24, 2004, the circuit court filed a "Judgment of Conviction" which "accepted and entered" Malley's "Petition to Enter Plea of Guilty."
¶ 4. J.R.'s deposition testimony provided that he began seeing a counselor shortly after reporting to his mother the incidents involving Malley. During that period, a psychiatrist prescribed Zoloft to J.R., which he took for three or four months to treat depression. J.R. continued to see various psychologists between 2003 and 2007 for the psychological and emotional effects "of what occurred." With regard to "lasting problems," J.R.'s deposition testimony was that he had experienced "recurrent memories of the molestation" and is "not entirely sure with [his] sexuality."
¶ 5. On March 31, 2008, J.R. filed a civil suit, "by and through his Next Friend and Father, R.R.[,]" against Malley and, his wife, Janet Malley. According to the Complaint:
in February and March of 2003 [Malley] invited J.R. to [Malley's] house on a number of occasions during which [Malley] enticed, lured or coerced or pressured J.R. to engage in various sexual acts with [Malley], which included but are not limited to fondling, intentional harmful and/or offensive contact with J.R.'s body, and/or an imminent apprehension of such contact. ... [Malley] pled guilty in state criminal court proceedings to [the] substance of allegations of sex crimes committed against J.R. as alleged in this [C]omplaint.[2]
As the "direct and proximate result" of such allegedly "outrageous, egregious, willful, wanton, and malicious conduct[,]" J.R. claimed that he had suffered physical, psychological, and emotional injuries.
¶ 6. Thereafter, J.R. filed a "Motion for Partial Summary Judgment of Liability Against Defendant, Bobby Malley," as to "liability upon [J.R.'s] causes of action for battery, intentional infliction of emotional distress, and outrageous conduct occurring on two occasions and upon which [Malley] pled guilty and was convicted." (Emphasis added.) According to J.R., Malley's "conviction under Miss.Code § 97-5-23, once final, established his fault in the torts of battery, intentional infliction of emotional distress and outrageous conduct committed against J.R."
¶ 7. In response, Malley maintained that J.R. "has not come forward with any evidence of the intent of [Malley] which is essential to prove the intentional tort of assault or battery." Moreover, Malley contended that, in his guilty plea, he "only admitted that he committed the acts ... and not to causing physical, psychological and emotional damage to [J.R.]." Therefore, Malley denied "that he caused any damage to [J.R.] and ... that he is the proximate cause of any damage alleged by [J.R.]." In total, Malley asserted that a partial summary judgment of liability was improper because J.R. had failed to prove *905 the requisite elements "of each cause of action that he has filed against [Malley]."
¶ 8. Following hearings, the circuit court entered its "Order Denying Plaintiff's Motion and Amended Motion for Partial Summary Judgment of Liability Against Defendant, Bobby Malley." According to the circuit court, "the case of Jordan v. Wilson, 5 So.3d 442 (Miss.Ct.App.2008), controls this matter, and ... [J.R.'s] motions are not well-taken and should be denied." On April 16, 2010, this Court granted J.R.'s "Petition for Permission for Interlocutory Appeal."

ISSUE
¶ 9. This Court will consider:
Whether any genuine issues of material fact exist regarding Malley's civil liability for crimes committed against J.R.

ANALYSIS
¶ 10. The standard of review for a trial court's grant or denial of a motion for summary judgment is de novo. See Buckel v. Chaney, 47 So.3d 148, 152 (Miss.2010) (citing Whitaker v. Limeco Corp., 32 So.3d 429, 433-34 (Miss.2010)). Mississippi Rule of Civil Procedure 56(c) provides, in pertinent part, that summary judgment:
shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to the amount of damages.
Miss. R. Civ. P. 56(c).
¶ 11. This Court has stated that the term "`conviction,' in its technical legal sense, `means the final consummation of the prosecution against accused including the judgment or sentence rendered pursuant to a verdict, confession, or plea of guilty.'" Wilcher v. State, 697 So.2d 1087, 1119 (Miss.1997) (quoting 24 C.J.S. Criminal Law § 1458) (emphasis added). "[A] conviction in a prior criminal case is conclusive, in a subsequent civil action, of the facts upon which the conviction was based." Jordan v. McKenna, 573 So.2d 1371, 1376 (Miss.1990) (citation omitted) (emphasis added). In McKenna, Jordan was criminally charged with the forceable rape of McKenna. See McKenna, 573 So.2d at 1373. While those proceedings were pending, McKenna brought a civil action against Jordan seeking damages for assault and battery. See id. at 1372-73. After Jordan was criminally convicted, McKenna "reactivated" her civil action against Jordan. Id. at 1374. Following a jury award of actual and punitive damages to McKenna, Jordan appealed. See id. On appeal, this Court concluded that "Jordan... entered the present proceedings faced with a final finding of fact that he had assaulted and raped [McKenna,]" and "[t]he point goes to Jordan's fault, but not causation nor damages." Id. at 1374-75 (emphasis added).
¶ 12. The circuit court erred in relying upon Wilson as "control[ling] this matter." See Wilson, 5 So.3d at 442. In Wilson, a homeowner allegedly pointed a gun at a home-health nurse who was parked in her driveway. See id. at 444. Thereafter, the home-health nurse filed suit against the homeowner "for assault and negligence arising out of [that] incident...." Id. at 443-44. In reversing the circuit court's entry of summary judgment in favor of the homeowner, the Mississippi Court of Appeals concluded that "there was ample evidence to create a genuine issue of material fact as to whether [the *906 homeowner] pointed the firearm at [the home-health nurse] either intending to put [her] in imminent apprehension of a battery or with substantial certainty that pointing a gun at [her] would bring about such a result." Id. at 450. In so ruling, that court stated, "[i]t is well settled that intent is a question of fact for the jury...." Id. (citing Miss. State Bd. of Nursing v. Wilson, 624 So.2d 485, 494 (Miss. 1993)) (emphasis added).
¶ 13. But this Court finds that Wilson is not only factually distinguishable, but (more importantly) legally distinguishable, as no underlying criminal convictions were at issue in Wilson. As J.R. maintains, by virtue of Malley's guilty plea, the underlying facts of those two fondling incidents, including Malley's intent therein, are now "established fact[s]."
¶ 14. This Court has identified the elements for the intentional tort of battery, as follows:
[a]n assault occurs when a person (1) acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such contact, and (2) the other person is thereby put in such imminent apprehension. ... A battery goes one step beyond an assault in that a harmful contact actually occurs.
Morgan v. Greenwaldt, 786 So.2d 1037, 1043 (Miss.2001) (citing Webb v. Jackson, 583 So.2d 946, 951 (Miss.1991) (citing Restatement (Second) of Torts § 21 (1965))). In the present case, Malley's guilty plea renders "conclusive ... the facts upon which the conviction was based[,]" and the doctrine of res judicata applies to the civil proceeding. McKenna, 573 So.2d at 1376. Without question, intent is generally "a question of fact for the jury. ..." Wilson, 5 So.3d at 450. But here, Malley's criminal intent to "touc[h] J.R. for the purpose of gratifying lust" was admitted in his guilty plea,[3] and thus satisfies the intent element for the intentional tort of battery. In McKenna, this Court stated that:
our rape statute, Miss.Code Ann. § 97-3-65(2) (Supp.1984), imposed a duty well within the contours of the common law tort of assault and battery. [McKenna] was one of those the statute was designed to protect. When we hold Jordan's rape conviction, once final, established his fault in tort, we do nothing more than restate our traditional view of conduct actionable per se.
Id. at 1375-76 (emphasis added). Similarly, this Court finds that Section 97-5-23 "imposed a duty well within the contours of the common law tort of ... battery[,]" such that Malley's fondling conviction "established his fault in tort" as to the two incidents which were the subject of his guilty plea. Id. This "point goes to [Malley's] fault, but not causation nor damages." Id. at 1374-75.
¶ 15. As to his claim of intentional infliction of emotional distress, J.R. must show by a preponderance of the evidence that:
1. [Malley] acted willfully or wantonly towards [J.R.] by [description of defendant's actions];
2. [t]he defendant's [act/acts] [is/are] [one/ones] which evoke outrage or revulsion in civilized society;
3. [t]he [act/acts] was/were directed at or intended to cause harm to [J.R.];
4. [J.R.] suffered severe emotional distress as a direct result of the [act/acts] of the defendant; and

*907 5. Such resulting emotional distress was foreseeable from the intentional [acts/acts] of the defendant. ...
Miss. Practice Model Jury Instr. Civil § 21:1 (2010) (emphasis in original). See also Pierce v. Cook, 992 So.2d 612, 626-27 (Miss.2008) (addressing requisite elements for a claim of intentional infliction of emotional distress). We conclude that elements (1) and (2) of J.R.'s intentional-infliction-of-emotional-distress claim are satisfied by the "conclusive ... facts upon which [Malley's] conviction was based."[4]McKenna, 573 So.2d at 1376. We find no error in the circuit court's refusal to grant a partial summary judgment of liability regarding that claim.

CONCLUSION
¶ 16. This Court reverses in part the "Order Denying Plaintiff's Motion and Amended Motion for Partial Summary Judgment of Liability Against Defendant, Bobby Malley" entered by the Circuit Court of Rankin County and remands this case for further proceedings consistent with this opinion. On remand, regarding the two incidents upon which Malley's guilty plea was based, Malley's fault for the intentional tort of battery is established, "but not causation nor damages." McKenna, 573 So.2d at 1374-75. Furthermore, the "facts upon which [Malley's] conviction was based" satisfies some, but not all requisite elements of his intentional-infliction-of-emotional-distress claim. Id. at 1376. Finally, as the parties agree, there also remain genuine issues of material fact for jury consideration regarding whether or not Malley committed any acts other than the two counts of fondling to which he pleaded guilty, and a determination of damages, if any.
¶ 17. REVERSED AND REMANDED.
WALLER, C.J., CARLSON AND DICKINSON, P.JJ., LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. KING, J., NOT PARTICIPATING.
NOTES
[1] Mississippi Code Section 97-5-23(1) provides that:

[a]ny person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen (16) years, with or without the child's consent, ... shall be guilty of a felony and, upon conviction thereof, shall be fined in a sum not less than [$1,000.00] nor more than [$5,000.00], or be committed to the custody of the State Department of Corrections not less than two (2) years nor more than fifteen (15) years, or be punished by both such fine and imprisonment, at the discretion of the court.
Miss.Code Ann. § 97-5-23(1) (Rev.2006).
[2] Regarding Janet Malley, the Complaint alleged that "on all such aforementioned occasions [she] was present in the house and had reasonable grounds for believing [Malley] was engaging in sexual acts with J.R., or in the alternative, Janet Malley was in complicity with and/or acquiescence of her husband's sexual conduct toward J.R." The claims against Janet Malley are not at issue in this interlocutory appeal.
[3] Likewise, in his appellee's brief, Malley acknowledges that he "touched a child inappropriately and for lustful purposes."
[4] Regarding J.R.'s "outrageous conduct" claim, given the conduct for which Malley has admitted fault, this Court notes only that a jury could be justified in concluding that Malley's conduct was "outrageous." See Wilson v. Gen. Motors Acceptance Corp., 883 So.2d 56, 65 (Miss.2004) (quoting Leaf River Forest Prods., Inc. v. Ferguson, 662 So.2d 648, 659 (Miss. 1995)) (the standard for outrageous conduct "is whether the defendant's behavior is malicious, intentional, willful, wanton, grossly careless, indifferent or reckless.").