# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-01238-COA

**CHARLOTTE BRENT**                                                    **APPELLANT/**
                                                                       **CROSS-APPELLEE**

v.

**RUTH RIDGWAY**                                                       **APPELLEE/**
                                                                       **CROSS-APPELLANT**

v.

**McDAVID, NOBLIN & WEST PLLC**                    **CROSS-APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/29/2024 |
| TRIAL JUDGE: | HON. ELEANOR JOHNSON PETERSON |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | W. THOMAS McCRANEY III |
| ATTORNEYS FOR APPELLEE: | CHUCK McRAE |
| | ANNETTE BULGER MATHIS |
| ATTORNEYS FOR CROSS-APPELLEE: | WILLIAM E. WEST |
| | POPE S. MALLETTE |
| | PAUL B. WATKINS JR. |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | ON DIRECT APPEAL: REVERSED, RENDERED, AND REMANDED. ON CROSS-APPEAL: AFFIRMED - 06/16/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., EMFINGER AND LASSITTER ST. PÉ, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.     Charlotte Brent appeals a jury's verdict from the Circuit Court of Hinds County, Mississippi, granting Ruth Ridgway West (Ridgway) an award of $50,000 in economic damages for negligent infliction of emotional distress ("NIED"). Ridgway cross-appealed

the denial of her "Motion for an Additur or in the Alternative, a Motion for a New Trial on Damages," challenging the amount of the economic damages award, the failure of the jury to award non-economic damages, and the circuit court's grant of summary judgment in favor of the defendants Cane Creek Crossing Inc. (Cane Creek) and McDavid, Noblin & West PLLC (McDavid).

## FACTS AND PROCEDURAL HISTORY

¶2.     Ridgway and her ex-husband, Eric West (West), were married on November 29, 1980. The couple had two children during the course of their marriage. In 2013, West began a relationship with Brent and eventually began an extramarital affair in April or May 2013. Ridgway discovered the affair in August 2013 when she received a text message from West that was intended for Brent. When confronted by Ridgway, West admitted to the affair. Although West and Ridgway went through marriage counseling for a time, West continued his relationship with Brent, and Ridgway and West separated in February 2014. Ridgway filed for divorce on March 13, 2014, and a final judgment of divorce was entered on October 2, 2015, granting Ridgway a divorce on the ground of adultery.

¶3.     On July 29, 2016, Ridgway filed suit against West, Brent, and McDavid, the law firm where West was a partner.[1] Ridgway filed an amended complaint on November 8, 2016, dropping West as a defendant and adding Cane Creek, a company owned by Brent, as a

---

[1] Ridgway claimed that West had used his position at the law firm to manipulate her separate assets to his and the firm's benefit. She also claimed that West used business travel on the firm's behalf to further his relationship with Brent.

2

defendant.[2] The amended complaint included claims for damages for alienation of affection; unjust enrichment/constructive trust; breach of loyalty and fiduciary duty; bad faith; civil conspiracy; reckless and outrageous infliction of emotional distress; and punitive damages.[3]

¶4.    After the parties exchanged discovery, McDavid and Cane Creek moved for summary judgments, which were granted on April 7, 2021, and December 14, 2022, respectively.[4] The circuit court entered a pre-trial order on May 1, 2023, ordering that the pleadings were all to be amended to conform to the order. The order stated the claims to be presented at trial were alienation of affection, NIED, reckless and outrageous infliction of emotional distress, loss of consortium, punitive damages, and interference with a statutory marriage agreement.[5]

---

[2] Ridgway claimed that Brent's company tortiously interfered with her marriage because Cane Creek "used its assets and business to interfere with [Ridgway's] marriage, and further win over and secure the affections of West, by granting West stock warrants issued by the company and by occupying West's free time with ranch activities away from the marital home."

[3] We note that while the original complaint included nine counts, the amended complaint only included seven counts. The punitive damages count was labeled as "Count IX" in both complaints. One of the counts omitted from the original complaint was the count that alleged NIED.

[4] Ridgway's notice of cross-appeal includes the judgments granting summary judgment for McDavid and Cane Creek. However, Ridgway fails to argue error or brief issues as to those judgments. As a result, those claims have been abandoned and waived. *Britt v. Orrison*, 372 So. 3d 480, 487 n.5 (Miss. Ct. App. 2023) ("The Mississippi Supreme Court has held that 'it is the duty of an appellant to provide authority in support of an assignment of error.'" (quoting *Flowers v. Boolos (In re Est. of Smith)*, 204 So. 3d 291, 313 (¶49) (Miss. 2016))). "The failure to cite authority 'is considered abandonment of the issue; thereby making the issue procedurally barred for appellate review.'" *Id*. Accordingly, these judgments are affirmed.

[5] It is unclear how the claim for NIED was included in the pre-trial order. Later, the October 2024 order stated that "the basis of the decision to submit the [NIED ] claim to the jury" was the "evidence of [Brent]'s active participation" and "continuing the extramarital

3

After listing the claims, the pre-trial order notes that Brent contended the only viable claim was for alienation of affection and that the remaining claims were either redundant or not recognized under Mississippi law. As a "contested issue of law," the pre-trial order lists "[w]hether the Court should grant Defendant a direct[ed] verdict on some or all of Plaintiff's claims."[6] Before trial, Ridgway submitted proposed jury instructions on her claims for alienation of affection, NIED, and intentional infliction of emotional distress ("IIED").[7]

¶5.    The trial took place on May 1-5, 2023, and the jury heard live testimony from Ridgway, West, and Brent. Brent moved for a directed verdict on each of Ridgway's claims. The circuit court granted the motion as to the claim of IIED but denied the motion as to the remaining claims.[8] The court reserved consideration of punitive damages until the end of the

---

affair . . . after learning that [West] was . . . a married man."

[6] We find no transcript in the appellate record of a hearing that produced the pre-trial order. The record contains evidence that a pre-trial hearing was scheduled at one point, but it was continued and, according to the record, never rescheduled. Further, we find no pre-trial motion by Brent seeking dismissal of any count of the complaint pursuant to Mississippi Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. No motion for summary judgment was filed by Brent. In fact, we find no challenge by Brent to the viability of any of Ridgway's claims prior to trial, other than the parts of the pre-trial order noted above.

[7] Ridgway did submit a proposed jury instruction for loss of consortium, which is an element of alienation of affection. *See Davis v. Davis*, 360 So. 3d 196, 201 (¶18) (Miss. 2023). Ridgway did not submit a proposed instruction for interference with a statutory marriage agreement, so that claim is therefore waived. *Id*. at 202 (¶22) ("Indeed, a failure to request an instruction generally bars or waives any corrections on appeal."). Further, this Court has held that there is no such claim in Mississippi. *See Carter v. Reddix*, 115 So. 3d 851, 853 (¶3) (Miss. Ct. App. 2012).

[8] Brent's argument for a directed verdict as to NIED was limited to her claim that there had been no proof of physical injury or demonstrable harm to support the claim. Ridgway did not appeal the court's directed verdict on the IIED.

4

compensatory phase. After the close of the evidence, the jury was instructed as to Ridgway's claims for alienation of affection and NIED.[9] The jury returned a verdict in Brent's favor on the alienation of affection claim but found for Ridgway on the NIED claim. The jury awarded Ridgway $50,000 for economic damages and zero for non-economic damages.[10]

¶6. Brent moved the court to enter judgment notwithstanding the verdict, to stay enforcement of the judgment, and to alter or amend the judgment as to NIED. Ridgway moved for an additur or, in the alternative, a new trial on damages. The parties each filed responses to the motions. The motions were both denied, except the court granted in part Brent's request regarding attorney's fee language and amended the final judgment. Brent appealed, and Ridgway cross-appealed.

**STANDARD OF REVIEW**

¶7. In *Radco Fishing and Rental Tools Inc. v. Commercial Resources Inc.*, 407 So. 3d 167, 189 (¶62) (Miss. 2025), the supreme court stated:

> This Court reviews the denial of a motion for judgment notwithstanding the verdict de novo. *Forbes* [*v. Gen. Motors Corp.*], 935 So. 2d [869,] 873 [(¶3) (Miss. 2006)]. . . . A motion to alter or amend the judgment under Mississippi Rule of Civil Procedure 59(e) is reviewed under an abuse of discretion standard. *Harrison v. Miss. Transp. Comm'n*, 57 So. 3d 622, 624 (Miss. 2011) (citing *Brooks v. Roberts*, 882 So. 2d 229, 233 (Miss. 2004)).

**ANALYSIS**

---

[9] Brent did not object to the jury instruction on NIED, but she insisted that the instruction be amended to separate any award of economic and non-economic damages.

[10] While the failure to award any non-economic damages for emotional distress seems inconsistent with a verdict in favor of Ridgway, as will be discussed *infra*, because we reverse and render the verdict in favor of Brent, any error in that regard is moot.

## I. Brent's Appeal

¶8. Brent argues that the "verdict cannot stand because NIED is not a recognized cause of action in this context." She contends that by instructing the jury on NIED, the circuit court, in essence, allowed the jury to award damages for the abolished tort of criminal conversation. In *Saunders v. Alford*, 607 So. 2d 1214, 1215-19 (Miss. 1992), the supreme court reasoned:

> The torts of alienation of affection and criminal conversation, also known as "heart balm" actions, originated on the common-law belief that wives were the chattel of their spouse. The purpose of a cause of action for alienation of affection is the "protection of the love, society, companionship, and comfort that form the foundation of a marriage. . . ." *Norton v. MacFarlane*, 818 P.2d 8, 12 (Utah 1991). *See also* W. Keeton, *Prosser & Keeton on Torts*, § 124, at 918 (5th ed.1984). The right sought to be protected is that of consortium. Note, *Criminal Conversation: Civil Action for Adultery*, 25 Baylor L. Rev. 495 (1973). It consists in depriving one of the affections of the other. *Prosser & Keeton on Torts*, at 918.
> . . . .
>
> The tort of criminal conversation, on the other hand, is no more or less than an act of adultery between the defendant and the plaintiff's spouse. "The right protected is the exclusive right of one spouse to sexual intercourse with the other." *Bearbower v. Merry*, 266 N.W.2d 128, 134 (Iowa 1978). At common law, the "husband was regarded as having a property right in the body of his wife and an exclusive right to the personal enjoyment of her. The wife's adultery was therefore considered to be an invasion of the husband's property rights." *Kline v. Ansell*, 287 Md. 585, 414 A.2d 929, 930 (1980). As noted by one court, "criminal conversation comes closest in form to a strict liability tort." *Fadgen v. Lenkner*, 469 Pa. 272, 365 A.2d 147, 149 (1976). The cause of action is made out upon the plaintiff's proof that, while married to the plaintiff, the plaintiff's spouse and the defendant engaged in at least one single act of sexual intercourse. *Id*. The only defenses to these actions appear to be the consent of the plaintiff and the statute of limitations.
> . . . .
>
> The first court to judicially abolish criminal conversation was the Pennsylvania Supreme Court in 1976 in the case of *Fadgen v. Lenkner*, 469 Pa. 272, 365 A.2d 147 (1976). The court found that it was its duty to abolish such actions "where 'reason and a right sense of justice recommend it.'" *Id*. 365 A.2d at

6

151 (citations omitted). "[W]hen it is determined that a past precedent is no longer in accord with modern realities, and the rationale justifying the old rule no longer finds support, then the pledge to certainty gives way 'to new conditions and to the persuasion of superior reasoning.'" *Id.* at 152 (citation omitted). The court abolished the tort due to the threat of abuse of this action and the lack of defenses available to the defendant.

. . . .

For the several reasons enumerated above we conclude that the tort of criminal conversation has outlived its usefulness.

¶9.     Further, in *Hancock v. Watson*, 962 So. 2d 627, 632 n.4 (Miss. Ct. App. 2007), this Court recognized:

The Mississippi Supreme Court abolished the tort of criminal conversation, defined as "no more or less than an act of adultery between the defendant and the plaintiff's spouse," in *Saunders v. Alford*, 607 So. 2d 1214, 1216 (Miss. 1992).

Then in *Carter v. Reddix*, 115 So. 3d 851, 856 (¶10) (Miss. Ct. App. 2012), this Court found:

Mississippi has never recognized a cause of action for **tortious interference with a marriage contract**. Further, this Court refuses to create a common-law cause of action for tortious interference with a marriage contract, because Mississippi already recognizes a cause of action for alienation of affection. Therefore, if Carter wanted relief against the appellees, **he should have proceeded under a claim for alienation of affection**. Because Carter plead[ed] a nonexistent cause of action, we find that the circuit court properly dismissed this claim.

(Emphasis added). Finally, in *Fitch v. Valentine*, 959 So. 2d 1012, 1020 (¶16) (Miss. 2007), the supreme court held:

Alienation of affections is the only available avenue to provide redress for a spouse who has suffered loss and injury to his or her marital relationship against the third party who, through persuasion, enticement, or inducement, caused or contributed to the abandonment of the marriage and/or the loss of affections by active interference.

¶10.    Ridgway, however, claims that NIED can coexist with an alienation of affection

claim. Citing Mississippi Rule of Civil Procedure 8(e), she maintains that she is allowed "to plead alternative and even inconsistent theories" for the recovery of damages. In support of her contention, Ridgway cites *Germany v. Germany*, 123 So. 3d 423 (Miss. 2013). In *Germany*, Ginger Germany filed suit against her husband and his paramour in Madison County Circuit Court. Her claims against her husband, Robert, did not include alienation of affection but did include both NIED and IIED claims. *Id*. at 426 (¶3).[11] Just a few days after Ginger filed her complaint in circuit court, Robert filed a complaint for divorce in Hinds County Chancery Court and subsequently moved the circuit court to transfer Ginger's claims against him to chancery court because those claims were "matters of equity or are related to divorce and alimony and would be better addressed in chancery court." *Id*. at (¶4). The *Germany* case was not considering the issue presented here. The supreme court found that Ginger's alienation of affection claim against Robert's paramour was properly before the circuit court but discussed the merits of that claim no further. *Id*. at 434 (¶31). The supreme court simply found that Ginger's claims against Robert that were closely related to the marital and financial relationship of the parties were more properly decided in chancery court. *Id*. at (¶34). As a result, Ridgway's reliance on *Germany* is misplaced.

¶11.    Ridgway also cites several other cases where she alleges that "numerous plaintiffs have pled both alienation of affection and NIED and the right to do so has never been challenged." While those claims may have been pled in those cases, the issue of whether alienation of affection and NIED could co-exist was not addressed, and the cases were

---

[11] Ginger claimed alienation of affection against the paramour.

resolved in other ways. *See Baker Donelson Bearman Caldwell & Berkowitz P.C. v. Seay*, 42 So. 3d 474, 489 (¶43) (Miss. 2010) (showing attorney's affair with client was beyond the scope of employment and could not form the basis of vicarious liability); *Bland v. Hill*, 735 So. 2d 414, 418 (¶17) (Miss. 1999) (declining to abolish the tort of alienation of affection); *Gorman v. McMahon*, 792 So. 2d 307, 311, 318 (¶¶7, 31) (Miss. Ct. App. 2001) (addressing proper measure of damages for alienation of affection and declining to abolish tort of alienation of affection); *Wilson v. Barnes-Wilson*, 399 So. 3d 954, 958-59 (¶12) (Miss. Ct. App. 2025) (affirming dismissal of alienation of affection claim for failure to prosecute).

¶12.    In the present case, the jury found that Brent did not alienate West's affection for Ridgway. The circuit court granted a directed verdict on Ridgway's claim of IIED. Ridgway did not appeal either that finding or the court's ruling. Ridgway cites no case where an appellate court has affirmed a verdict for NIED where the basic claim was alienation of affection or in a case with similar facts to the instant appeal.

¶13.    In Ridgway's jury instruction for NIED, the first fact that the jury had to find in order to return a verdict in Ridgway's favor was that "Charlotte Brent negligently interfered with the marriage of Ruth Ridgway and Eric West." However, all acts alleged to have been committed by Brent are intentional acts. In *Irby ex rel. Collins v. Madakasira*, 252 So. 3d 614, 626-27 (¶43) (Miss. Ct. App. 2018), this Court stated:

> "[A] claim alleging an intentional tort and a claim alleging negligence are mutually exclusive, in that, one who is found to have acted negligently cannot at the same time be found to have acted intentionally." [*Jordan v. Wilson*, 5 So. 3d 442, 447 (¶18) (Miss. Ct. App. 2008)]. While our law permits a party to allege inconsistent claims based on negligence and intentional tort, *id*. at 448 (¶19) (citing M.R.C.P. 8), this is not what Collins alleges. Rather, Collins

9

alleges that Dr. Madakasira's intentional acts serve as the basis for the negligence claim. There is no basis in our law to support this argument. *See id*. at 447-48 (¶¶18-19).

We find that is exactly what Ridgway has done in the present case. There is no proof of separate negligent acts by Brent that interfered with Ridgway's marriage, which is the basis for a claim of alienation of affection.

¶14. Based upon *Fitch v. Valentine* and the line of cases cited above, we find that Ridgway's sole avenue for relief was a claim for alienation of affection. The jury found against her on that claim. Accordingly, we reverse the judgment in favor of Ridgway and remand the case to circuit court with instructions to render a judgment in favor of Brent.

## II. Ridgway's Cross-appeal

¶15. Ridgway raises seven issues in her appellate brief. The first two issues are in response to the issues raised in Brent's appeal, which have been addressed above. The last two issues concern summary judgments granted to other defendants, which we find to be procedurally barred as discussed above. Accordingly, we affirm the summary judgments in favor of McDavid and Cane Creek. The remaining issues raised on cross-appeal are rendered moot by our decision on Brent's appeal.

## CONCLUSION

¶16. We find that NIED is not a claim upon which relief can be granted under the facts of this case. We also find that there was no proof of negligent acts by Brent to support such a claim even if it were available. Accordingly, the judgments in favor of Ridgway are reversed, we render judgment in favor of Brent, and we remand the matter to the circuit court for the

10

entry of a judgment consistent with this decision.

¶17.    **ON DIRECT APPEAL: REVERSED, RENDERED, AND REMANDED.  ON CROSS-APPEAL: AFFIRMED.**

      **BARNES, C.J., WILSON, P.J., WESTBROOKS, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.  McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. CARLTON, P.J., LAWRENCE AND McCARTY, JJ., NOT PARTICIPATING.**