David Gene **CHILDERS**, Plaintiff,

v.

**BEAVER DAM PLANTATION,
INC., et al., Defendants.**

**No. DC 73–17.**

United States District Court,
N. D. Mississippi,
Delta Division.

May 31, 1973.

John B. Farese of Farese, Farese, Jones & Farese, Ashland, Miss., Johnson & Adams, Senatobia, Miss., for plaintiff.

Will A. Hickman of Sumners & Hickman, Oxford, Miss., J. W. Dulaney of Dulaney & Dulaney, Tunica, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on the separate motions of defendants to dismiss for failure to state a cause of action upon which relief can be granted. Each motion is accompanied by a separate motion to strike certain portions of the complaint. The motions are identical and can be considered collectively. The parties have submitted the motions on briefs, without oral argument.

An examination of the complaint, as amended, reveals that the action is based

upon the prosecution of plaintiff in the criminal courts of Tate County, Mississippi for the theft of five cattle belonging to defendant, Beaver Dam Plantation, Inc. (Beaver Dam). Defendant, Charlie M. Van Cleve (Van Cleve), acting as an employee of and in the course of his duties for Beaver Dam, initiated the prosecution on July 14, 1970 by filing an affidavit with a justice of the peace court in the county, charging plaintiff was the commission of the crime of grand larceny in the theft of the cattle. Defendants Shelby T. (Tombo) Wilson, Susie G. Wilson, Shelby C. Wilson and Mrs. Shelby T. Wilson (hereinafter referred to collectively as "the Wilsons") were, at the time of the filing of the charge, stockholders, directors, officers and employees of Beaver Dam. Plaintiff was duly arrested on the charge made against him in the affidavit and the grand jury of the county returned five indictments against him in October 1970. The defendant, Joe Warren (Warren), testified before the grand jury as a witness in the case.

The Circuit Court of the county, over the protest of plaintiff, on November 3, 1971, entered an order on the motion of the prosecuting attorney directing that the cases be retired to the files of the court. Plaintiff, protesting his innocence, thereupon moved the court for a speedy trial, or in the alternative, the entry of an order of dismissal or nolle prosequi. The motion being denied by the court, plaintiff prosecuted an appeal to the Supreme Court. While the appeal was pending the Circuit Court or trial court "recalled" the cases from the files and, on April 26, 1972, entered a nolle prosequi as to each case. This action sub judice was commenced by the filing of the complaint with the clerk on the 20th day of February, 1973. The amended complaint was filed February 26, 1973.

The complaint, as amended, seeks damages for malicious prosecution, abuse of criminal process, libel, slander and negligence. The ground upon which the motion to dismiss is based, common to all defendants, is that the action is barred by Mississippi's one-year statute of limitations.[1]

This case is *Erie* bound[2] and is controlled by Mississippi law. The Mississippi Supreme Court held in Dennis v. Travelers Insurance Co. (Miss.1970) 234 So.2d 624, 626, that said Section 732 applies to all recognized intentional torts, and "[t]here can be no escape from the bar of the statute of limitations applicable to intentional torts by the mere refusal to style the cause brought in the recognized statutory category and thereby circumvent prohibition of the statute."

It is clear to the court that although plaintiff charges defendants with negligence and asserts such negligence as a basis for his demand, the action is in essence, one to recover on the intentional torts of malicious prosecution, abuse of criminal process, libel and slander. Plaintiff's right of action must, therefore, be considered in light of the statute mentioned. When this is done, it is apparent that plaintiff cannot recover damages of defendants based upon abuse of criminal process, libel, or slander. The right of action is alive and exists, if at all, on the charge of malicious prosecution. The right of action based on abuse of criminal process, libel and slander accrued more than one year prior to the commencement of the action, and such right of action as plaintiff may otherwise have possessed is barred by the statute.

---

1. Miss.Code, Ann. § 732 (1956) provides:

    All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, and for libels, shall be commenced within one year next after the cause of such action accrued, and not after.

2. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

The issue of whether the complaint may survive the motion to dismiss on the malicious prosecution theory depends upon the determination of the date upon which such right of action may have accrued. Defendants contend that the right of action accrued when the trial court entered the order retiring the case to the files, i. e., November 3, 1971. If this date is the date upon which the statute started to run, then the action is barred because it was not commenced until February, 1973, more than a year later. If, however, the statute was not set in motion until the trial court recalled the cases from the files and entered the nolle prosequi, the action is not barred, because this was not done until April 28, 1972. The action sub judice was filed within one year after such nolle prosequi was entered terminating the prosecution.

■ One of the essential elements of a suit for malicious prosecution is that the prosecution has been terminated in favor of the accused, *Harvill v. Tabor,* 240 Miss. 750, 128 So.2d 863, 864 (1961); *Grenada Bank v. Petty,* 174 Miss. 415, 164 So. 316, 318 (1935); or that the prosecution has been abandoned, *Gandy v. Palmer,* 251 Miss. 398, 169 So.2d 819 (1964). In *Gandy* the court held, in effect, that abandonment of prosecution is tantamount to a termination of the criminal proceedings in favor of the accused. 169 So.2d 827.

■■ The precise issue for the court to decide is whether the order by which the cases were retired to the files constituted such an abandonment of the prosecution as to warrant the court in holding that such action terminated the prosecution in favor of plaintiff. The court must consider in reaching a decision all the circumstances surrounding the participants at the time of the entry of the order. In this connection the court notes that the order was entered over objection of plaintiff, made to the court through his counsel of record, who asserted the innocence of their client and demanded either a speedy trial, or the dismissal or nolle prosequi of the

cases. The court overruled the objection and entered the order. Plaintiff perfected an appeal to the Supreme Court. The plaintiff was arrested in July, 1970; indicted in October of the same year; and the aforesaid action of the court took place in November, 1971, more than a year after the indictments were returned by the grand jury. While the case was pending on appeal, in April, 1972, the court recalled the cases from the files and entered a nolle prosequi in each case.

The court is of the opinion and so finds that under the peculiar circumstances in the action sub judice, the cases did not terminate in favor of plaintiff until April, 1972, when the trial court recalled the cases from the files and entered the nolle prosequi. It is common knowledge among judges and members of the bar in Mississippi, that an order retiring a criminal case to the files merely suspends the prosecution, and that the case is subject to recall and prosecution at any time thereafter at the discretion of the court. This procedure is often used to hold the prosecution over the accused to regulate his or her subsequent behavior. There may be cases where the circumstances would justify the holding that an order of this type terminates the prosecution in favor of the accused, thereby starting the running of the statute, but, in the opinion of the court, the action sub judice is not such a case.

The court concludes that the motion to dismiss cannot be sustained on the theory that the action is barred by Section 732.

■ The court is also of the opinion that the motions to strike are not well taken and must be overruled. While damages cannot be assessed against defendants because or on account of the abuse of criminal process, libel, or slander, the actions of defendants, said by plaintiff to have resulted in such charges, may well be related and material to the malicious prosecution charge. Rule 12(f), F.R.Civ.P. provides that "[t]he court may order stricken from any pleading any insufficient defense or

any redundant, immaterial, impertinent, or scandalous matter". In the circumstances of the action sub judice, the court would not be warranted in entering an order striking the averments of the complaint as amended with regard to charges above mentioned.

■■ The Wilsons contend that the motion to dismiss should be sustained as to them for the reason that the complaint, as amended, does not allege that they personally committed any act or failed to perform any legal duty owing to plaintiff in connection with plaintiff's prosecution for theft of the cattle owned by Beaver Dam. They are sued only because they are either officers, directors, stockholders or employees of the corporation. There is no genuine dispute by counsel as to the legal principles which control this issue. It is universally held, in Mississippi and elsewhere, that the officers, directors, stockholders and employees of a corporation cannot be held responsible for the torts of the corporation unless such officer, director, stockholder, or employee personally participated in the commission of the tort, or aided and abetted the commission thereof. Grapico Bottling Co. v. Ennis, 140 Miss. 502, 106 So. 97 (1925). It is also well settled in Mississippi that a corporation is an entity separate and distinct from its stockholders. Pigott v. Texaco, Inc., 358 F.2d 723 (5th Cir. 1966); Illinois Central R. Co. v. Mississippi Cotton Seed Products Co., 166 Miss. 579, 148 So. 371 (1933).

■ The court is of the opinion and so finds that the complaint, as amended, does not state a cause of action upon which relief can be granted as to the Wilsons, and that their motion to dismiss should be sustained, with leave for plaintiff to amend the complaint so as to state a cause of action against said defendants, if such can be done under the facts as they may exist, within twenty (20) days from the date of the entry of the order sustaining the motion to dismiss.

The court will enter an appropriate order.