# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-IA-01181-SCT

*JOCELYN HOWARD AND CITI TRENDS, INC.*

*v.*

*LYSHELL WILSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/01/2010 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | MELTON JAMES WEEMS |
| | DENITA NICOLE SMITH |
| | MITZI LEASHA GEORGE |
| | TIMOTHY DALE CRAWLEY |
| ATTORNEYS FOR APPELLEE: | JOEL AMOS GORDON |
| | BARRY W. GILMER |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 05/26/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE CARLSON, P.J., RANDOLPH AND KITCHENS, JJ.

## RANDOLPH, JUSTICE, FOR THE COURT:

¶1. In this interlocutory appeal, Jocelyn Howard appeals the denial of her motion to dismiss. Citi Trends did not move to dismiss. Thus, only the claims against Howard are before the Court.

## Facts and Procedural History

¶2. On January 9, 2009, Lyshell Wilson filed her complaint, which states:

On December 22, 2007, Plaintiff Lyshell Wilson, a business invitee, entered Citi Trends located at 4547 North State Street, Jackson, Mississippi, for the purpose of shopping for clothing. While shopping on the premises of Citi

Trends, Lyshell Wilson was brutally injured when an employee of Citi Trends, Jocelyn Howard, maliciously, reckless, negligently, and violently attacked Lyshell Wilson with a pair of scissors.

On May 26, 2009, Howard filed a Motion to Dismiss, claiming that Wilson had failed to file her complaint within the one-year statute of limitations set forth by Mississippi Code Section 15-1-35 (Rev. 2003), which states: "All actions for assault, assault and battery . . . shall be commenced within one (1) year next after the cause of such action accrued, and not after." *Id.* In Wilson's response, she denied that she was filing an assault-and-battery claim. Instead, she insisted that the claim set forth in the complaint was a claim of negligence.

¶3. A hearing was held and, on July 2, 2010, the trial court denied the motion to dismiss. Subsequently, Howard filed this interlocutory appeal.[1] On appeal, Howard presents two arguments: (1) that the complaint alleges assault and battery, and, therefore, the trial court erred in denying her motion to dismiss the complaint, which was not filed within the one-year statute of limitations for intentional torts; and (2) that Wilson's attempt to characterize the incident as an act of negligence is simply an attempt to circumvent the statute of limitations, and, as such, is contrary to Mississippi law.

**Discussion**

¶4. "An appellate court is to review de novo the grant, or denial, of a motion to dismiss for failure to state a claim." ***Ralph Walker, Inc. v. Gallagher***, 926 So. 2d 890, 893 (Miss.

---

[1]Citi Trends filed a brief, citing Rule 28(i), Mississippi Rules of Appellate Procedure, and joining in the request that this Court reverse and render the trial court's order denying the motion to dismiss the claims against Howard.

2006) (citing ***Webb v. DeSoto County***, 843 So. 2d 682, 684 (Miss. 2003); Miss. R. Civ. P. 12(b)(6)).

¶5.    Howard argues that Mississippi law prohibits Wilson from characterizing the December 22, 2007, "violent attack" as an act of negligence in order to escape the operation of the one-year statute of limitations applicable to intentional torts. This Court has addressed similar situations and each time has prohibited the characterization of an intentional tort as an act of negligence in order to escape the one-year bar.

¶6.    In ***Dennis v. Travelers***, 234 So. 2d 624 (Miss. 1970), the plaintiff's claim was one of malicious prosecution. Having missed the applicable one-year statute of limitations, the plaintiff included "irresponsible" and "should have known" in the complaint in an attempt to show that the defendant negligently committed the intentional tort of malicious prosecution. This Court rejected the attempt, holding, "There can be no escape from the bar of the statute of limitations applicable to intentional torts by the mere refusal to style the cause brought in a recognized statutory category and thereby circumvent prohibition of the statute." *Id*. at 626.

¶7.    Similarly, in ***City of Mound Bayou v. Johnson***, 562 So. 2d 1212 (Miss. 1990), the plaintiff was faced with his action being time-barred. The plaintiff attempted to characterize an assault and battery as an act of negligence. This Court held that the "complaint states a claim generically akin to a common law assault and battery." *Id*. at 1215. This Court continued as follows:

> It is true that there is a certain amount of negligence language trailing along in [the plaintiff]'s complaint. This is of no moment, as "[t]here can be no escape from the time bar of the statute of limitations applicable to intentional torts by

the mere refusal to style the cause brought in a recognized statutory category and thereby circumvent prohibition of the statute."

*Id*. (quoting *Dennis*, 234 So. 2d at 626).

¶8.    Our federal brethren have followed the same course. In *Childers v. Beaver Dam Plantation, Incorporated*, 360 F. Supp. 331 (N.D. Miss. 1973), the complaint alleged malicious prosecution, abuse of criminal process, libel, slander, and negligence. As in the cases cited above, the one-year statute of limitations for intentional torts was not met. The *Childers* court held that "[i]t is clear . . . that although plaintiff charges defendants with negligence and asserts such negligence as a basis for his demand, the action is in essence one to recover on the intentional torts of malicious prosecution, abuse of criminal process, libel and slander." *Id*. at 333. Accordingly, the court dismissed the negligence claim and barred the plaintiff's causes of action that fell under the one-year statute of limitations.

¶9.    Wilson attempts to characterize her suit as one not for an intentional tort, but rather for negligence. This alleged act of negligence is described by Wilson in the complaint as follows, "Jocelyn Howard, maliciously, reckless[ly], negligently, and violently attacked Lyshell Wilson with a pair of scissors. Jocelyn Howard repeatedly stabbed Lyshell Wilson . . . causing serious bodily injuries" during the "heinous attack." The language of the complaint is "generically akin to a common law assault and battery," not an act of negligence. *See City of Mound Bayou,* 562 So. 2d at 1215. Describing the attack as an act of negligence no more saves Wilson from the applicable statute of limitations than it did the plaintiffs in the cases cited above. Simply adding "negligently" to the list of adjectives describing the attack does not make it an act of negligence when "the action is in essence,

4

one to recover on [an intentional tort]." ***Childers,*** 360 F. Supp. at 333. If the other adjectives describing the attack are removed, the following sentence remains: "Jocelyn Howard negligently attacked Lyshell Wilson with a pair of scissors." "There is no such thing as a negligent assault." ***Webb v. Jackson***, 583 So. 2d 946, 950 (Miss. 1991) (citation omitted). It follows that there is no such thing as a "negligent battery."[2]

¶10. Wilson's attempt to describe the violent attack that is the basis of the complaint as an act of negligence is nothing more than an attempt to circumvent the statute of limitations applicable to intentional torts. Having missed the deadline for filing an intentional-tort claim for the violent attack, Wilson drafted the complaint to sound in negligence. However, "[t]here can be no escape from the bar of the statute of limitations applicable to intentional torts by the mere refusal to style the cause brought in a recognized statutory category and thereby circumvent prohibition of the statute." ***Dennis***, 234 So. 2d at 626.

¶11. As such, the trial court erred in denying Howard's motion to dismiss. Thus, we reverse the decision of the Circuit Court for the First Judicial District of Hinds County denying Howard's motion to dismiss. We remand for further proceedings, as Wilson's claims against Citi Trends are not before the Court in this interlocutory appeal.

---

[2]The elements of assault and battery are as follows:

> An assault occurs when a person (1) acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such contact, and (2) the other person is thereby put in such imminent apprehension . . . . A battery goes one step beyond an assault in that a harmful contact actually occurs.

***Morgan v. Greenwaldt***, 786 So. 2d 1037, 1043 (Miss. 2001) (citing ***Webb v. Jackson***, 583 So. 2d 946, 951 (Miss. 1991) (citing *Restatement (Second) of Torts* § 21 (1965))).

5

¶12.   **REVERSED AND REMANDED.**

**WALLER, C.J., CARLSON, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR.  DICKINSON, P.J., NOT PARTICIPATING.**