# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-IA-00636-SCT

*ESTATE OF RUSSELL PUCKETT*

*v.*

*CAROL CLEMENT*

## ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 04/21/2016 |
| TRIAL JUDGE: | HON. ISADORE W. PATRICK, JR. |
| TRIAL COURT ATTORNEYS: | DAVID M. SESSUMS |
| | EUGENE A. PERRIER |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KENNETH B. RECTOR |
| ATTORNEY FOR APPELLEE: | DAVID M. SESSUMS |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | REVERSED AND RENDERED - 03/15/2018 |
| MOTION FOR REHEARING FILED: | 10/16/2017 |
| MANDATE ISSUED: | |

**EN BANC.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1.     The motion for rehearing is denied. The original opinions are withdrawn and these opinions substituted therefor.

¶2.     This interlocutory appeal arises from a 2010 civil suit filed in the Circuit Court of Warren County (the "trial court") by Carol Clement against Russell Puckett. After Puckett's death in 2014, Clement substituted the Estate of Russell Puckett (the "Estate") as the defendant in the suit and served the Estate. The Estate moved to dismiss the suit due to

failure to timely serve process under Mississippi Rule of Civil Procedure 4(h). The Estate argued that the statute of limitations had expired before Clement perfected service. The trial court denied the motion to dismiss. The Estate now appeals the trial court's denial of the motion to dismiss.[1] Because the trial court erred when it denied the motion to dismiss, we reverse and render judgment in favor of the Estate.

## FACTS AND PROCEDURAL HISTORY

¶3. In her complaint, Clement maintained that Puckett had told her she could have the two planters on his front porch when he either passed away or closed the antique store where he also lived. According to Clement, she had purchased antiques from Puckett in the past, and she claimed that by September 2009 there had been no activity at Puckett's residence for some months. She also asserted that she had heard from the neighbors that Puckett had passed away. Further, Clement alleged that she had knocked on Puckett's door and rung his doorbell on a number of occasions and had not received any response.

¶4. Therefore, on the evening of September 11, 2009,[2] Clement, with the assistance of her daughter, removed one of Puckett's planters from his porch and began to carry it toward her nearby home. Clement maintained that she and her daughter crossed the street in front of

[1] On appeal, the Estate and Clement both analyze Clement's claims under a three-year statute of limitations. While Clement's suit would be barred by a three-year statute of limitations, we decline to apply a three-year limitations period to these facts. In accord with settled law, we apply a one-year statute of limitations to Clement's claims as discussed *infra*.

[2] In its brief, the Estate claims that the events in the complaint took place on September 24, 2009. We rely on the date alleged by Clement. The difference between the two dates does not affect the outcome of our analysis.

2

Puckett's home with the planter carried between them when Puckett fired four shotgun rounds behind them. Clement claimed that two of the shots struck her and caused the planter to explode. She also alleged that Puckett fired two additional shots "in a direction unknown."

¶5.    Clement filed suit against Puckett on June 11, 2010. The complaint set forth three counts: (1) negligence in the operation and discharge of a firearm, (2) gross negligence in the operation and discharge of a firearm and (3) deliberate, intentional and reckless disregard of the safety of Clement and her daughter.

¶6.    Before the Estate was served with process and its motion to dismiss was denied, a number of procedural motions, orders and notices were entered. The relevant procedural history of the case is summarized in the following timeline:

### *Procedural History Timeline*

| Sept. 11, 2009 | Puckett allegedly shot Clement. |
|---|---|
| June 11, 2010 | Clement filed her complaint in the trial court. Statute of limitations tolled with 93 days remaining. 120-day period to serve process until October 12, 2010, began. |
| Aug. 18, 2010 | Trial court granted Clement's first motion for additional time to serve process until November 18, 2010. |
| Nov. 17, 2010 | Trial court granted Clement's second motion for additional time to serve process until January 31, 2011. |
| Jan. 20, 2011 | Trial court granted Clement's third motion for additional time to serve process until May 2, 2011. |

3

| | |
|---|---|
| May 3, 2011 | Statute of limitations resumed. |
| June 27, 2011 | Trial court granted Clement's fourth motion for additional time to serve process until October 1, 2011.<br><br>Statute of limitations tolled with 38 days remaining.[3] |
| Oct. 2, 2011 | Statute of limitations resumed. |
| Oct. 24, 2011 | Trial court granted Clement's fifth motion for additional time to serve process until February 28, 2012.<br><br>Statute of limitations tolled with 16 days remaining. |
| Feb. 29, 2012 | Statute of limitations resumed. |
| Mar. 16, 2012 | Statute of limitations expired. |
| July 31, 2014 | Warren County Chancery Court (the "chancery court") received Puckett's will for probate.<br><br>Chancery court issued letters of administration to Harvey Smith[4] as executor of the Estate. |
| Aug. 7, 2014 | Clement filed a motion for suggestion of death and an amended complaint. |
| Aug. 12, 2014 | Trial court substituted the Estate as the defendant. |
| Aug. 26, 2014 | Clement returned service, executed on the Estate. |
| Oct. 10, 2014 | Estate filed motion to dismiss.<br><br>Estate answered the complaint. |

---

[3] Because Clement allowed the deadline for service of process to expire before she filed her fourth motion for additional time to serve Puckett, we calculate the limitations period based on the date that the trial court entered the order granting the extension, not on the date that Clement filed her fourth motion. The outcome of our analysis is the same with either date.

[4] Harvey Smith was Puckett's longtime caretaker and friend.

4

| Nov. 20, 2014 | Estate served requests for admission, interrogatories and production of documents on Clement. |
|---|---|
| Nov. 21, 2014 | Clement answered requests for admission. |
| Mar. 10, 2015 | Puckett's heirs-at-law filed a will contest in the chancery court. |
| Apr. 10, 2015 | Clement filed notice of her response to the Estate's interrogatories and request for production of documents. |
| Mar. 4, 2016 | Chancery court recognized that Puckett's heirs-at-law had settled the will contest. |
| Mar. 15, 2016 | Chancery court issued letters of administration to Gerald Puckett as the estate's executor. |
| Mar. 17, 2016 | Gerald Puckett entered an appearance as the estate's executor in Clement's suit. |
| Mar. 18, 2016 | Estate filed a brief in support of its motion to dismiss. |
| Mar. 22, 2016 | Estate filed a notice of hearing on its motion to dismiss. |
| Apr. 14, 2016 | Trial court held a hearing on the motion to dismiss. |
| Apr. 21, 2016 | Trial court denied the Estate's motion to dismiss. |

¶7.    After the hearing, the trial court denied the motion to dismiss. The record and the transcript before us, however, do not reflect the trial court's rationale in denying the motion to dismiss. The trial court may have denied the motion based on either a finding of good cause or waiver of the statute-of-limitations defense or both. Although the trial court recognized that the Estate had filed its motion to dismiss based on Clement's failure to serve process within the time prescribed by Rule 4(h), the trial court failed to state whether Clement had shown good cause.

¶8.    Aggrieved, the Estate appeals. The Estate argues that the trial court erred in denying the motion to dismiss because (1) Clement failed to show good cause for failing to serve

5

Puckett within the statute of limitations, and (2) it did not waive its statute-of-limitations defense. Clement responds that the trial court properly denied the motion to dismiss since she demonstrated good cause and the Estate waived its defense of the statute of limitations. We address first the issue of the statute of limitations and second the issue of good cause.

## STANDARD OF REVIEW

¶9. "The waiver . . . of an affirmative defense is subject to an abuse-of-discretion standard of review." ***Kinsey v. Pangborn Corp.***, 78 So. 3d 301, 306 (Miss. 2011). "'This Court uses a de novo standard of review when passing on questions of law including statute of limitations issues.'" ***Chimento v. Fuller***, 965 So. 2d 668, 673 (Miss. 2007) (quoting ***ABC Mfg. Corp. v. Doyle***, 749 So. 2d 43, 45 (Miss. 1999)).

## ANALYSIS

### I. Statute of Limitations

#### A. Waiver

¶10. The Estate did not waive its right to assert the statute of limitations as a defense. In Mississippi, "[a] defendant's failure to timely and reasonably raise and pursue the enforcement of any affirmative defense or other affirmative matter or right which would serve to terminate or stay the litigation, coupled with active participation in the litigation process, will ordinarily serve as a waiver." ***MS Credit Ctr., Inc. v. Horton***, 926 So. 2d 167, 180 (Miss. 2006) (n.8 omitted). In order to constitute a waiver, the delay must be "substantial and unreasonable." ***Id***.

6

¶11.    In *Horton*, the amended complaint was filed on May 5, 2003.  *Id*.  The defendants filed their answers to the amended complaint on May 23, 2003, and July 7, 2003, asserting their right to compel arbitration.  *Id*.  The defendants then delayed eight months, "all the while participating in the litigation process," before moving to compel arbitration on March 22, 2004.  *Id*.  According to the *Horton* Court, the defendants had "provided no plausible explanation for th[e] delay."  *Id*.

¶12.    Unlike the delay in *Horton*, the seventeen-month delay between the Estate's filing of its motion to dismiss and noticing the motion for hearing was not unreasonable.  Such a delay, with "no plausible explanation," might be unreasonable.  *Id*.  Here, though, the delay is reasonable because, five months after the Estate moved to dismiss, Puckett's heirs-at-law filed a will contest which questioned the legitimacy of Smith as the Estate's executor.  Ultimately, the will challenge was settled, Puckett's will was set aside, and Smith was removed as executor.  The settlement was recognized by the chancery court on March 4, 2016, and letters of administration were issued to Gerald Puckett on March 15, 2016.  Seven days later, the Estate set its motion for hearing.  The delay here is reasonable as the Estate could not be expected to set its motion for hearing and argue it before the chancery court had determined who was the proper executor of the Estate.

¶13.    Further, in contrast to the defendants in *Horton*, the Estate did not participate actively "all the while" during the delay in the litigation process.  *Id*.  The Estate initially answered and moved to dismiss the complaint.  Forty-one days later, the Estate served an initial set of

7

discovery requests on Clement. After this, the Estate did not enter any other filings or participate in the litigation in the trial court until its new executor filed an entry of appearance after the will contest was settled. Thus, the Estate did not actively participate "all the while . . . in the litigation process" during the delay. *Id*.

¶14.   After review of the record, we find that the trial court abused its discretion in determining that the Estate had waived its statute-of-limitations defense. The delay was reasonable, given the will contest, and the Estate did not participate "all the while . . . in the litigation process" during the delay. *Id*. Therefore, the Estate did not waive its statute-of-limitations defense as a matter of law.

### B.    One-Year Statute of Limitations

¶15.   Clement's claims are subject to the one-year statute of limitations. Mississippi Code Section 15-1-35 provides that "[a]ll actions for assault, assault and battery . . . shall be commenced within one . . . year next after the cause of such action accrued, and not after." Miss. Code Ann. § 15-1-35 (Rev. 2012).

¶16.   At the outset of our analysis, we recognize that Clement's suit would be barred by either the one-year or the three-year statute of limitations. Given our precedent, though, we decline to apply a three-year limitations period to Clement's allegations of negligence, as Clement's "complaint states a claim generically akin to a common law assault and battery." *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1215 (Miss. 1990).

¶17.   In Mississippi, the torts of negligence, assault, and battery are separate. *See Webb v.*

8

*Jackson*, 583 So. 2d 946, 951 (Miss. 1991). "[T]here is no such thing as a negligent assault." *Id*. Further, the Court of Appeals rightly has found that "an intentional tort cannot be committed negligently." *Jordan v. Wilson*, 5 So. 3d 442, 447 (Miss. Ct. App. 2008).

¶18. Within the context of statutes of limitation, we recently reaffirmed this principle when we held that we would "not recognize claims for intentional torts veiled in a cloak of negligence." *Sanderson Farms, Inc. v. McCullough*, 212 So. 3d 69, 80 (Miss. 2017) (citing *Jordan*, 5 So. 3d at 447). Moreover, this Court "prohibit[s] the characterization of an intentional tort as an act of negligence in order to escape the one-year bar." *Howard v. Wilson*, 62 So. 3d 955, 956 (Miss. 2011). Further, "'there can be no escape from the bar of the statute of limitations applicable to intentional torts by the mere refusal to style the cause brought in a recognized statutory category and thereby circumvent prohibition of the statute.'" *Johnson*, 562 So. 2d at 1215 (quoting *Dennis v. Travelers Ins. Co.*, 234 So. 2d 624, 626 (Miss.1970)).

¶19. While Count I and II of Clement's complaint allege negligence and gross negligence "in the operation and discharge of the firearm," Clement never alleges any facts to support her claim of negligence. Clement maintains that she "heard a loud explosion and the portion of the planter being carried by [her] exploded in her arms[,] and [she] was hit by multiple shotgun pellets from a shotgun fired in the direction of [her] by [Puckett]." She also claims "[t]hat after firing in the direction of [her] . . . , [Puckett] fired another two . . . rounds from said shotgun in a direction unknown." Presumably, it is this language "in a direction

9

unknown" with which Clement supports her claims of negligence.

¶20.     This allegation, though, is insufficient to support a claim of negligence. The mere fact that Clement does not know the direction in which Puckett fired the last two rounds does not support the conclusion that he was negligent. All of the allegations in the complaint provide support for the fact that Puckett intentionally fired the shotgun at Clement. Clement had left Puckett's property and was across the street when she was struck by the pellets from the gun. She also detailed her significant injuries from the shotgun pellets. No factual allegations in the complaint support a claim of negligence by Puckett.

¶21.     We recognize that a plaintiff may plead claims that are inconsistent with one another, but this fact does not relieve the plaintiff of the duty to set forth a claim. *See* M.R.C.P. 8(a)(2), (e)(2); ***Jordan***, 5 So. 3d at 447–48. Therefore, while the outcome of our analysis would be the same under a three-year bar, we apply a one-year bar to Clement's suit in accordance with our precedent.

### C.     Application of the Statute of Limitations

¶22.     It is settled Mississippi law that when a suit "is commenced within the period of limitation, the statute of limitations stops running, *for a time.*" ***Heard v. Remy***, 937 So. 2d 939, 942 (Miss. 2006) (quoting ***Triple "C" Transp., Inc. v. Dickens***, 870 So. 2d 1195, 1199 (Miss. 2004)) (emphasis in original). "In the event process is not served during the 120 day service period, the statute begins to run again." ***Dickens***, 870 So. 2d at 1199–200 (Miss. 2004). Rule 4(h) sets out the 120-day deadline:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

M.R.C.P. 4(h). In order to toll the statute of limitations beyond 120 days, the plaintiff must seek an enlargement of the Rule 4(h) deadline under Mississippi Rule of Civil Procedure 6 or dismiss the suit and refile it. *See **Dickens***, 870 So. 2d at 1200 (citing ***Holmes v. Coast Transit Auth.***, 815 So. 2d 1183, 1185 (Miss. 2002)).

¶23. Assuming all of Clement's extensions of time were proper and tolled the statute of limitations, she still failed to perfect service before the expiration of the statute of limitations, and her suit is barred. The statute of limitations began running in this case on September 11, 2009. On June 11, 2010, Clement filed the complaint and tolled the statutes with ninety-three days remaining. The statute began running again in the interim periods between the third and fourth extensions of time and the fourth and fifth extensions of time. After the fifth extension expired on February 28, 2012, the statute of limitations resumed running and expired on March 16, 2012. Clement did not serve process on Puckett or the Estate until August 25, 2014. Therefore, Clement's suit is barred by the statute of limitations, and the trial court erred in denying the Estate's motion to dismiss.

11

## II.    Good Cause

¶24.    As we have noted, it is not apparent from the record before us whether or not the trial court made a finding of good cause, much less whether substantial evidence existed to support a finding of good cause. A determination of good cause is a discretionary ruling by the trial court and is reviewed for an abuse of discretion and whether substantial evidence supports the determination. *Martin v. Lowery*, 912 So. 2d 461, 467 (Miss. 2005). The *Martin* Court was faced with a similar situation as we are today. *Id*. It reviewed a trial court's order which had stated merely that the plaintiff had shown good cause for not serving process on the defendants within the 120-day period of Rule 4(h). *Id*. at 466. There, the Court noted that it was not apparent whether or not the trial court's determination of good cause was based on substantial evidence because the trial court had failed to provide express reasoning and facts upon which its determination was made. *Id*. at 467. Accordingly, the Court held that the trial court's failure to make specific findings of fact was an abuse of discretion and reversed the denial of the motion to dismiss and remanded with instructions for the trial court to dismiss the case without prejudice as to the unserved defendants. *Id*.

¶25.    Today, we follow the guidance in *Martin*. While a dismissal of the complaint may not be required in every case as it was in *Martin*, it is warranted here as there is nothing in the record to support a finding of good cause. "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, 'as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not

12

suffice.'" ***Collins v. Westbrook***, 184 So. 3d 922, 929–930 (Miss. 2016) (quoting ***Webster v. Webster***, 834 So. 2d 26, 28 (Miss. 2002)). "'Good cause' can never be demonstrated where plaintiff has not been diligent in attempting to serve process." ***Montgomery v. SmithKline Beecham Corp.***, 910 So. 2d 541, 545 (Miss. 2005).

¶26.    Here, it is undisputed that during the period to serve process before the statute of limitations expired, Clement knew that Puckett was inside his house. Despite this, Clement did not exercise all of her options to serve Puckett.[5] Also, it is clear from the record that for almost fourteen months, from August 21, 2010, to December 15, 2011—a period during which Clement allowed her extensions to lapse twice— no summons was issued. Thus, no summons was issued for almost half of Clement's last extension to serve process upon Puckett. Even if a process server had tried to serve Puckett during this time, no summons was issued with which to serve him. Therefore, under ***Martin***, and after review of the record, we find that the trial court's denial of the motion to dismiss was error.

## CONCLUSION

¶27.    The trial court abused its discretion in denying the motion to dismiss, as the Estate did not waive its statute-of-limitations defense and the trial court did not make specific findings of fact to support its possible finding of good cause. Further, the one-year statute of limitations applies to Clement's claims and serves to bar her suit. Thus, we reverse the trial

---

[5]*See* M.R.C.P. 4(c)(2) (service by sheriff); Miss. Code Ann. § 19-25-39 (Rev. 2012) (granting the sheriff the authority to "tak[e] the power of the county" to execute process); M.R.C.P. 4(c)(3) (service by mail).

court's denial of the motion to dismiss and render judgment in favor of the Estate.

¶28.    **REVERSED AND RENDERED.**

**WALLER, C.J., RANDOLPH, P.J., COLEMAN, MAXWELL AND BEAM, JJ., CONCUR. KITCHENS, P.J., CONCURS IN PART AND IN RESULT WITH SEPARATE WRITTEN OPINION JOINED BY KING, J. ISHEE, J., NOT PARTICIPATING.**

**KITCHENS, PRESIDING JUSTICE, CONCURRING IN PART AND IN RESULT:**

¶29.    I agree with the majority that the one-year statute of limitations[6] applies to bar Carol Clement's claim that Russell Puckett intentionally and deliberately fired a shotgun in her direction. But I cannot join the majority's finding—at the motion to dismiss stage—that the allegations pled in Clement's complaint do not support her claims of negligence and gross negligence. Accordingly, Clement's claims of negligence and gross negligence are barred by the three-year statute of limitations.[7] Therefore, I respectfully concur in part and in result.

¶30.    In ***Jordan v. Wilson***, 5 So. 3d 442, 444 (Miss. Ct. App. 2008), *cert. denied*, 11 So. 3d 1250 (Miss. 2009), the Mississippi Court of Appeals considered a case in which the plaintiff had "parked her vehicle, temporarily, in the [d]efendant's driveway, while attempting to locate a patient whom she was scheduled to see." Misapprehending the plaintiff to be an

---

[6] Miss. Code Ann. § 15-1-35 (Rev. 2012) ("All actions for assault, assault and battery . . . shall be commenced within one (1) year next after the cause of such action accrued, and not after.").

[7] Miss. Code Ann. 15-1-49(1) (Rev. 2012) ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.").

intruder, the defendant "pointed a long firearm directly toward [p]laintiff" and "kept her firearm pointed at [p]laintiff for several minutes." *Id.* The actions of the defendant, which placed plaintiff in fear for her life, resulted in the plaintiff's having to seek medical attention and undergo counseling: "[s]he has suffered extreme stress and anxiety[] and has lost income[] as a result of the [d]efendant's actions." *Id.*

¶31.    The trial court had dismissed the case under Mississippi Rule of Civil Procedure 12(b)(6), finding that the plaintiff had pled "a nonexistent cause of action for 'negligent assault.'" *Id.* at 445. While noting that no cause of action for negligent assault exists[8] and "an intentional tort cannot be committed negligently," the Court of Appeals observed that it "does not follow that one may not be found liable for *either* an intentional tort or negligence based on the same conduct, assuming of course that there is sufficient evidence to support a jury finding of liability on either theory." *Id.* at 447 (emphasis in original). The Court of Appeals therefore reversed the judgment and remanded the case, holding that the plaintiff adequately had pled "a claim of both negligence and assault, notwithstanding that the claims are inconsistent." *Id.* at 448, 450.

¶32.    The Court of Appeals continued that, "[t]aking the facts alleged in [the plaintiff's] complaint as true, we find that they are such that [the plaintiff] could prove a set of facts that would entitle her to relief on her claim of negligence." *Id.* at 449. "Jordan would be entitled

---

    [8] In the criminal context, a person can be convicted of simple assault if he or she "negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm . . . ." Miss. Code Ann. § 97-3-7(1)(a)(ii) (Rev. 2014).

to relief if the jury were to believe that [the defendant] rested the gun on the windowsill without the intent required to constitute an assault, [the defendant's] conduct breached the standard of care, and [the plaintiff's] injuries were foreseeable." *Id.*

¶33. In the present case, Clement alleged that Puckett's "operation and discharge" of the firearm constituted negligence and gross negligence and that the negligence and gross negligence proximately caused her injuries. She also claimed that Puckett's actions "were deliberate and intentional and in reckless disregard of the safety of Plaintiff and her daughter . . . ." Specifically, Clement alleged that she and her daughter, under the mistaken belief that Puckett had died or closed the antique shop which he operated on the premises of his residence, had gone to Puckett's house to remove two planters "located outside the entrance to the subject premises" which Puckett had promised to her. After having collected the planters, Clement and her daughter walked across Cherry Street and "heard a loud explosion." According to the complaint, "the portion of the planter being carried by [Clement] exploded in her arms and [she] was hit by multiple shotgun pellets from a shotgun fired" by Puckett "in the direction of Clement." Puckett did not make his presence known prior to firing the shotgun, nor did he call out to Clement "to either stop or return to the subject premises." Puckett then fired two more "rounds from said shotgun in a direction unknown."

¶34. Taking the allegations Clement pled in her complaint as true, Clement, like the plaintiff in *Jordan*, "could prove a set of facts that would entitle her to relief on her claim

16

of negligence" and/or gross negligence. ***Jordan***, 5 So. 3d at 449. Clement could prove negligence and/or gross negligence were the jury to believe that Puckett fired the shotgun in Clement's direction, not with the intent to assault and batter her, but rather with the intent to startle a pair of intruders who had, moments before, made off with planters which had been situated outside his home. ***Id.*** at 449.

¶35. The majority finds that "[a]ll of the allegations in the complaint provide support for the fact that Puckett intentionally fired the shotgun at Clement." (Maj. Op. ¶ 20). The majority mentions that "Clement had left Puckett's property and was across the street when she was struck by the pellets from the gun" and that she had experienced "significant injuries from the shotgun pellets." (Maj. Op. ¶ 20). But none of those allegations negates Clement's claims of negligence and gross negligence. A jury still reasonably could believe that Puckett's act of firing a shotgun in the direction of Clement was negligent and/or grossly negligent. Accordingly, the three-year statute of limitations applied to Clement's negligence and gross negligence claims.

¶36. This case is unlike those on which the majority relies. In ***Sanderson Farms, Inc. v. McCullough***, 212 So. 3d 69, 71 (Miss. 2017), at the summary judgment stage, this Court held that "[a]lthough the plaintiff's overarching claim is framed in negligence, it factually sounds in intentional tort and is subsequently barred by the one-year statute of limitations . . . ." The Court continued that "[t]he evidence presented to support the claim alleged in [the plaintiff's] complaint—while pleaded as an action in negligence—supports a claim

17

generically akin to common-law assault and battery[,] an intentional tort." *Id.* at 75. In *Howard v. Wilson*, 62 So. 3d 955, 956 (Miss. 2011), the complaint alleged that, "[w]hile shopping on the premises of Citi Trends, [the plaintiff] was brutally injured when an employee of Citi Trends, [the defendant] maliciously, reckless[ly], negligently, and violently attacked [the plaintiff] with a pair of scissors." The Court affirmed dismissal, holding that "[s]imply adding 'negligently' to the list of adjectives describing the attack does not make it an act of negligence . . . ." *Id.* at 957 (internal citation omitted).

¶37.     *Howard* involved only an intentional tort. Here, based on the allegations pled in the complaint, Puckett's act was not so clearly intentional. And, unlike the plaintiff in *McCullough*, Clement had no opportunity to present evidence in support of her claims of negligence and gross negligence. Nevertheless, because Clement allowed the three-year limitations period to expire, her claims of negligence and gross negligence are barred.

**KING, J., JOINS THIS OPINION.**