# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2024-IA-00028-SCT

*EVAN UNRUH*

*v.*

*JESSICA JOHNSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/19/2023 |
| TRIAL JUDGE: | HON. ELEANOR JOHNSON PETERSON |
| TRIAL COURT ATTORNEYS: | DON H. EVANS |
| | JAMES ASHLEY OGDEN |
| | ROBERT R. STEPHENSON, JR. |
| | MATTHEW RYAN ANTHONY |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT R. STEPHENSON, JR. |
| | MICHAEL MADISON TAYLOR, JR. |
| | MATTHEW RYAN ANTHONY |
| ATTORNEY FOR APPELLEE: | DON H. EVANS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND RENDERED - 03/13/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KING, P.J., COLEMAN, P.J., AND GRIFFIS, J.**

**COLEMAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Although the instant case has a perplexing procedural history in which the timing of motions and other filings plays a critical role, the bottom line is that the plaintiff (1) failed to serve the complaint on the defendant or request additional time to do so within 120 days of filing her complaint and (2) wholly failed to provide any cause or good cause for her delay to warrant an extension.

¶2. Jessica Johnson filed a negligence action against Evan Unruh one day before the three-year statute of limitations expired. On April 9, 2021, 121 days after filing the

complaint, Johnson attempted to serve Unruh for the first time. Also on the 121st day, Johnson filed a motion for an enlargement of time to serve Unruh, and the trial court granted it. Unruh filed two motions to dismiss claiming insufficient service of process. The trial court denied both motions to dismiss. Unruh then filed a petition for an interlocutory appeal of the trial court's order, which we granted.

¶3.     On appeal, Unruh argues that the trial court erred by granting Johnson's motion for an enlargement of time since Johnson failed to show good cause as to why her first attempt to serve Unruh and her motion for an enlargement of time were untimely. He also argues that the statute of limitations has since run on Johnson's negligence claim, requiring a dismissal with prejudice. We agree.

## FACTS

¶4.     Johnson and Unruh were involved in a motor vehicle collision on December 10, 2017. Johnson filed a complaint for negligence against Unruh on December 9, 2020, the day before the three-year statute of limitations would have expired. On April 9, 2021, Johnson filed a motion for an enlargement of time to serve Unruh, alleging that their process server had made unsuccessful attempts to serve Unruh and that good cause existed for a 120 day extension. The April 9 motion was filed exactly 121 days after Johnson's complaint. Nearly two months after the motion was filed, on June 1, 2021, the trial court granted Johnson's motion for an additional 120 days.

¶5. On August 3, 2021, Unruh filed a motion to dismiss for insufficient service of process pursuant to Mississippi Rule of Civil Procedure 12(b)(5). In it, he claimed that Johnson's second process server, Cherie Halsey, did not personally serve him on June 1, 2021, as Johnson's proof of service provided, since he was not in Mississippi or at the residence listed on the proof of service. Unruh alleged that the process server left copies of the summons and complaint with his mother, Lynda Unruh, on April 9, not June 1.

¶6. He contended that the attempt was improper pursuant to Mississippi Rules of Civil Procedure 4(d)(1)(A) and 4(d)(1)(B), respectively, since Lynda was not his authorized agent by law or appointment to receive service of process on his behalf and the documents were delivered to his parent's residence rather than his "usual place of abode." Unruh stated that, even if the methods above had been proper, he was still not properly served since the process server failed to mail a copy of the summons and complaint via U.S. first-class mail after providing the documents to his mother.

¶7. Johnson filed a response to Unruh's motion to dismiss on August 6, 2021, arguing that Unruh was confused regarding the first attempt to serve him on April 9, 2021, and the second attempt to serve him on June 1, 2021. Attached to Johnson's response was the proof of service of the first process server, Brad Walters, which stated that he provided Unruh's father, Dorsey Unruh, with the complaint and summons on April 9, 2021, at the Mississippi residence. The proof of service also included a handwritten note that he mailed a copy of the documents to the address on that same date. Also, Johnson attached Halsey's proof of

3

service that stated that she went to the same Mississippi residence and spoke to Evan Unruh, who verified his identity and residence and willingly accepted the summons.

¶8.    Unruh then filed a rebuttal to Johnson's response, arguing that Johnson failed to present evidence that good cause existed for why she failed to serve him within 120 days and that he was not personally served on Tuesday, June 1, 2021, since he was in Texas, where he lived and worked.  He attached an affidavit to his rebuttal, stating that both of his parents were present during the attempted service on April 9 and that neither could remember which one of them actually "accepted" process.  Regardless, he provides that he has lived in Texas since 2019, so he was never personally served and never authorized either parent to be his agent.  To prove he was not in Mississippi on June 1, he also attached a receipt for a restaurant in Texas that stated the purchaser used a debit card in person at the restaurant.  Unruh asserted that he could not be at the Texas restaurant before it closed at 6:00 p.m. and personally served in Mississippi at 12:45 p.m., as the proof of service provided.

¶9.    Also included in his rebuttal to Johnson's response, Unruh attached utility bills from an address in Texas to prove that he lived in Texas from at least April 2021 through July 2021.  Unruh also included an affidavit from Lynda, his mother, echoing that on April 9, she informed the process server that Unruh did not reside at that address, that Unruh was not at her residence on June 1, that no complaint or summons was left with her on June 1 or delivered to her via first-class mail after April 9.

4

¶10. Unruh then filed a second motion to dismiss for insufficient service of process on August 27, 2021, addressing Johnson's third attempt to serve him, which occurred on August 13, 2021. Unruh claimed the August 13 attempt to serve him was untimely served after the 120-day time limit under Mississippi Rule of Civil Procedure 4(h). He reiterated that Johnson failed to show good cause for why she should be granted additional time to serve him, simply reciting Rule 4(h)'s requirements that her process server made attempts to serve him.

¶11. Johnson filed a response to Unruh's second motion to dismiss, arguing that since she filed her motion for an enlargement of time before the 120-day time limit, she merely had to show cause, not good cause. She claimed she showed cause that she properly served Unruh both times by providing Halsey's proof of service that stated she verified Unruh and his residence, along with Walter's proof of service that stated he served Unruh's father and then mailed a copy of the documents to the same address. Lastly, she noted that she properly served him again after he claimed error with the first two attempts and after she received the extension of time from the trial court. Johnson again attached the first two proofs of service and added the third proof of service that occurred at Unruh's Texas address, along with a picture of Unruh receiving service on the last attempt.

¶12. The trial court held a hearing on the motions to dismiss on September 18, 2023. It is important to note that during the hearing, Unruh disputed for the first time that the 120 days had actually run on April 8, 2021, rather than April 9 as each party had consistently claimed.

5

Thus, he claimed Johnson's first attempt to serve him on April 9 and her motion to extend the time to properly serve him were a day late and, therefore, untimely. The trial court noted that it was satisfied with its granting of Johnson's motion for an extension of time, but it took issue with the time between Johnson's filing of her motion and its granting of it. The trial court was unsure if it should start the 120-day extension from the date Johnson filed her motion or from the date that it was granted.

¶13. On December 19, 2023, the trial court denied Unruh's motions to dismiss. The trial court found that Johnson's motion for an enlargement of time filed on April 9, 2021, was timely within the 120-day time limit, and its grant of the motion extended Johnson's time to serve Unruh for 120 days past June 1, 2021. Thus, it concluded that Johnson serving Unruh on August 13, 2021, was timely, and any issues related to the previous attempts were resolved by the last service of process.

¶14. Unruh asserts two issues on appeal: (1) the trial court erred by granting Johnson's motion for an enlargement of time to serve Unruh, and (2) the statute of limitations has run on Johnson's claim.

¶15. We agree with Unruh that the trial court erred by granting Johnson's motion for an enlargement of time and that the statute of limitations has run on Johnson's negligence claim.

**STANDARD OF REVIEW**

¶16. A trial court's finding of fact on whether good cause existed for the delay in service of process is a discretionary ruling that is entitled to deferential review. ***Fulgham v. Jackson***,

6

234 So. 3d 279, 282 (¶ 9) (Miss. 2017) (quoting *Collins v. Westbrook*, 184 So. 3d 922, 929 (¶ 16) (Miss. 2016)). We review the trial court's findings of fact solely determining whether the trial court abused its discretion, and whether its determinations were supported by substantial evidence. *Id.* (quoting *Collins*, 184 So. 3d at 929 (¶ 16)).

¶17. We review a trial court's grant or denial of a motion to dismiss *de novo*. *Cent. Insurers of Grenada, Inc. v. Greenwood*, 268 So. 3d 493, 497 (¶ 8) (Miss. 2018) (citing *McClain v. Clark*, 992 So. 2d 636, 637 (¶ 3) (Miss. 2008)). Whether the statute of limitations has run is a question of law, which we review *de novo*. *Kinsey v. Pangborn Corp.*, 78 So. 3d 301, 307 (¶ 16) (Miss. 2011) (quoting *Caves v. Yarbrough*, 991 So. 2d 142, 146 (¶ 15) (Miss. 2008)).

## DISCUSSION

### I. Whether the trial court erred by granting Johnson's motion for an enlargement of time to serve Unruh.

¶18. Unruh argues that the trial court erred by granting Johnson's motion for an enlargement of time to serve him, and we agree. Unruh argues that Johnson's motion for an extension of time was also filed outside the 120-day limitation, which weighs heavily in favor of reversing the trial court's grant of an extension of time and its denial of his motions to dismiss.

¶19. Unruh, therefore, argues that our Court should dismiss the complaint since Johnson did not show good cause in her alleged untimely motion for an extension of time as to why she failed to serve him within 120 days of her filing her complaint. He contends that she

7

inaccurately claimed in her motion that she had "made attempts" to serve him when she had not until the date she filed the motion (again, attempts Unruh claims were each outside the 120-day limit), made conclusory statements that there was good cause, did not provide details of the alleged attempts, and failed to provide affidavits or other exhibits showing good cause.

¶20. Johnson claims that the trial court did not abuse its discretion by finding that she met her burden to establish good cause for failing to timely serve Unruh. Here, she alleges that she was unable to serve Unruh because he was evading process, so she properly filed a motion for an enlargement of time to serve him 121 days after she filed her complaint. She purports that filing the motion outside the 120 days merely required her to show good cause, which she argues she did by stating that she made attempts to serve Unruh and that good cause existed to extend the time to serve him. Johnson argues that she was not required to provide more evidence or affidavits in her motion and claims she even exceeded the standard set forth by the Court of Appeals. *Adams v. MBA Found.*, 281 So. 3d 1077 (Miss. Ct. App. 2019).

¶21. We disagree. Johnson failed to articulate a legitimate basis for failing to attempt to serve Unruh until after the 120-day deadline. As such, Johnson did not show good cause, and the trial court should have denied Johnson's motion for an enlargement of time to serve Unruh.

¶22. Mississippi Rule of Civil Procedure 4(h) requires the plaintiff to show good cause why she failed to serve the defendant a copy of the summons and complaint within 120 days

after filing the complaint or the action shall be dismissed. Miss. R. Civ. P. 4(h). Through Mississippi Rule of Civil Procedure 6(b), a plaintiff may file a motion for an enlargement of time to serve the defendant outside the 120 days. *Progressive Gulf Ins. Co. v. Kaur*, 323 So. 3d 1087, 1090 (¶ 11) (Miss. 2021). If the request for additional time is made after the time 120-day time period to serve the defendant, then like Rule 4(h), Rule 6(b) also requires the plaintiff to show good cause for her failure to do so. *Fulgham*, 234 So. 3d at 282-83 (¶ 10) (citing Miss. R. Civ. P. 6(b)).

¶23. To establish the higher standard of "good cause," applicable here, the party "must show 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Kaur*, 323 So. 3d at 1090 (¶ 13) (internal quotation marks omitted) (quoting *Holmes v. Coast Transit Auth.*, 815 So. 2d 1183, 1186 (¶ 11) (Miss. 2002)). Good cause requires the party's diligent effort to effectuate timely service. *Fulgham*, 234 So. 3d at 284 (¶ 18) (citing *Collins*, 184 So. 3d at 929-30). Determining what constitutes good cause is fact-sensitive; it generally exists

> when the failure is a result of the conduct of a third person; when the defendant has evaded service of process or engaged in misleading conduct; when the plaintiff has acted diligently; when there are understandable mitigating circumstances; or when the plaintiff is proceeding pro se or in forma pauperis.

*Id.* at 284-85 (¶ 18) (quoting *Foss v. Williams*, 993 So. 2d 378, 379 (Miss. 2008)).

9

¶24.    The *Fulgham* Court held that good cause existed for the plaintiff's failure to serve process. The Court noted that the plaintiff there "timely sought enlargements of time to serve process and, as shown below, . . . provide[d] the trial judge with specific details concerning her attempts to locate" the defendant. *Id.* at 285 (¶ 19). In more detail, the defendant in *Fulgham* was incarcerated. *Id.* at 285 (¶ 20). The plaintiff's attorney made inquiries from the time the complaint was filed attempting to determine where the defendant was incarcerated and to keep up with possible transfers of the defendant. *Id.* Counsel for the plaintiff, during the initial 120 days, was making specific efforts, such as contacting prison officials to ask about the defendant's location. *Id.*

¶25.    In *Kaur*, one plaintiff stated in his motion for enlargement of time that he could not locate the two tortfeasor defendants. *Kaur*, 323 So. 3d at 1090 (¶ 14). Progressive, the plaintiff's uninsured motorist carrier, then pointed out that the plaintiff in question did not give a reason for failing to serve it during the same 120-day period. *Id.* at 1090 (¶ 15). The *Kaur* Court held that the trial judge did not abuse his discretion by refusing to grant Progressive's motion to dismiss because the trial judge could make the logical inference that the plaintiff had not served Progressive because he was "still trying to locate the other driver, whose insurance status would determine whether to proceed against Progressive." *Id.* Thus, the plaintiff diligently attempted to locate the other defendants and explained why he failed to timely serve Progressive. *Id.*

¶26. Here, Johnson believed the 120-day deadline was April 9, 2021. According to the rule for computing time, the last day Johnson had to serve Unruh was actually April 8, 2021. Miss. R. Civ. P. 6(a). Johnson's first attempt to serve Unruh, along with her motion for an enlargement of time was filed on April 9, 2021, one day outside the 120-day deadline. Thus, Johnson was required to show good cause why she failed to timely serve Unruh and file her motion for an enlargement of time. We hold that Johnson failed to show good cause or even cause for not attempting to serve Unruh until the expiration of the 120 days.

¶27. In her motion for an enlargement of time filed a day late, Johnson simply states: "The Plaintiffs and their Counsel, through the efforts of a process server, has [sic] made attempts to serve the Defendants, with service of Process, without success." She adds, "The Plaintiffs respectfully submit that good cause exists for an extension of time in which to serve Defendants with process of this Court . . . ." The motion contained no specific claims of attempts to serve Unruh before it was filed, nor did it contain any specific information showing that Johnson made efforts, that had been thwarted, to locate Unruh.

¶28. Johnson's responses to Unruh's two motions to dismiss fared no better. There, Johnson did provide specific details of attempts to serve Johnson, but each purported attempt took place outside of the initial 120-day service period. The hearing on the motion to dismiss provided more of the same, with no indications of any efforts made to serve Unruh during the 120 days following the filing of the complaint.

¶29. We hold that Johnson failed to meet the standards set out in ***Fulgham*** and ***Kaur*** to prove good cause or even cause. Specifically, Johnson failed to articulate a legitimate reason for her failure to timely serve Unruh or to timely file her motion for an enlargement of time, providing the trial court no specific facts to rely upon. Further, the record shows that Johnson did not attempt to serve Unruh until after the 120-day deadline had expired.

**II.     Whether the statute of limitations has run on Johnson's claim.**

¶30. The statute of limitations for Johnson's negligence claim has run, warranting its dismissal with prejudice. Unruh argues that our Court should dismiss Johnson's claim with prejudice since she failed to timely serve him, and the statute of limitations has since run. Unruh notes that Johnson filed her complaint one day before the three-year statute of limitations expired, tolling the statute of limitations for 120 days. However, he states that the remaining one-day balance began to run on April 9, 2021, and expired the next day without timely service of process. Thus, Unruh claims that Johnson failed to serve him within 120 days, and the statute of limitations expired, requiring dismissal with prejudice.

¶31. Johnson accurately notes that she filed her complaint on December 9, 2020, one day before the three-year statute of limitation expired. She admits her 120 days to serve Unruh expired on April 8, 2021, but she argues that filing her motion for an enlargement of time to serve Unruh on the 121st day tolled the statute of limitations for another 120 days. Therefore, she claims the statute of limitations had not run when she purportedly properly served Unruh.

12

¶32.  If the trial court had properly granted Johnson's motion for an enlargement of time, then we would agree that Johnson timely served Unruh.  However, as we concluded above, the trial court improperly found good cause to grant the motion for an enlargement of time, so Johnson failed to properly serve Unruh, and the statute of limitations for her claim has run.

¶33.  Under Mississippi Code Section 15-1-49, negligence claims generally are subject to a three-year statute of limitations. *GEICO Cas. Co. v. Stapleton*, 315 So. 3d 464, 469 (¶ 16) (Miss. 2021) (citing Miss. Code Ann. § 15-1-49(1) (Rev. 2019)).  When a plaintiff commences a cause of action, the statute of limitations is tolled for 120 days to allow them to serve process on the defendant pursuant to Mississippi Rule of Civil Procedure 4(h). *Est. of Puckett v. Clement*, 238 So. 3d 1139, 1146-47 (¶ 22) (Miss. 2018) (citing Miss. R. Civ. P. 4(h)).  If process is not served within the 120-day service period, the statute of limitations begins to run again. *Id.* at 1147 (¶ 22) (citing *Triple C Transp., Inc. v. Dickens*, 870 So. 2d 1195, 1199-1200 (¶ 34) (Miss. 2004)).

¶34.  Under Rule 4(h), if the defendant is not served within 120 days after filing the complaint and if the party serving them cannot show good cause, then the court must dismiss the cause of action. *Id.* (citing Miss. R. Civ. P. 4(h)).  However, Mississippi Rule of Civil Procedure 6 allows a plaintiff to seek an enlargement of the Rule 4(h) deadline to toll the statute of limitations beyond 120 days. *Id.* (citing *Dickens*, 870 So. 2d at 1200 (¶ 34); Miss. R. Civ. P. 6; Miss. R. Civ. P. 4(h)).  In civil suits, dismissal with prejudice is warranted when a suit is dismissed for any reason and the statute of limitations has expired. *Methodist*

13

*Healthcare-Olive Branch Hosp. v. McNutt*, 323 So. 3d 1051, 1058 (¶ 19) (Miss. 2021) (quoting *Arceo v. Tolliver*, 19 So. 3d 67, 75 (¶ 42) (Miss. 2009)).

¶35. Since Johnson failed to timely serve Unruh or receive a proper enlargement of time, the statute of limitations on her negligence claim against Unruh began to run again and expired on April 9, 2021, 121 days after she commenced her suit. Accordingly, Johnson had only one day remaining on the three-year statute of limitations when she filed suit; the statute of limitations has run on Johnson's negligence claim.

## CONCLUSION

¶36. The trial court erred by granting Johnson's motion for enlargement of time, rendering her attempts to serve Unruh untimely. The statute of limitations for Johnson's negligence claim has since expired. Therefore, the trial court erred by denying Unruh's motion to dismiss, and we dismiss Johnson's negligence claim with prejudice.

¶37. **REVERSED AND RENDERED.**

**RANDOLPH, C.J., KING, P.J., MAXWELL, CHAMBERLIN, ISHEE, GRIFFIS, SULLIVAN AND BRANNING, JJ., CONCUR.**